The demand for alimony pendente lite is therefore not before us.

For the reasons assigned, it is ordered that the judgment appealed from be annulled and reversed.

It is now ordered that there be judgment herein in favor of plaintiff, Mrs. Mordest Hattier Martinez, and against defendant, John F. Martinez, Jr., decreeing a separation "a mensa et thoro."

It is further ordered that the permanent care, custody and control of her minor child, Caroline Anne Martinez, be and is hereby granted to plaintiff, Mrs. Mordest Hattier Martinez, and that defendant, John F. Martinez, Jr., pay all costs of this suit.

197 So. 209

DUMESTRE v. POLICE JURY, PARISH OF JEFFERSON, et al. (MARRERO et al., Interveners).

No. 35574.

May 27, 1940.

Rehearing Denied June 28, 1940.

Bentley & Dumestre and Quintero & Ritter, all of New Orleans, for appellant.

John E. Fleury, Dist. Atty., in pro. per., and Ernest M. Conzelmann, Asst. Dist. Atty., both of Gretna, for appellees.

Fred A. Middleton, in pro. per., and Louis H. Marrero, Jr., in pro. per., both of New Orleans, for interveners.

ODOM, Justice.

Plaintiff alleged that he had leased from Frank J. Grefer a certain piece of ground at the corner of Metairie Road and Stella Street in the Parish of Jefferson, for a term of 10 years commencing on August 9, 1939, at a monthly rental of $165, for the purpose of erecting on said property an oil

station and garage; that the building inspector appointed by the Police Jury of the Parish of Jefferson had refused to issue a building permit to him on the ground that he had not complied with an ordinance of the police jury governing the operation of oil stations and garages. Plaintiff further alleged that he proceeded to erect, without a permit, an oil station and garage on the said lot of ground, and that he was notified on August 25, 1939, by a deputy sheriff of Jefferson Parish that charges had been preferred against him for violating the ordinance referred to, adopted by the police jury on October 10, 1928, and that he appeared at the courthouse and made bond for his appearance to answer said charge.

Plaintiff further alleged that he was informed by the district attorney that, if he continued the operation of said oil station and garage, charges would be filed against him for each and every day that he operated it, and that, in consequence of said charges and threat of further criminal prosecution, he had suspended use of said station and garage.

Plaintiff further alleged that the ordinance under which he had been arrested and under which the district attorney threatened to prosecute him was unconstitutional for various reasons, and further, that said ordinance was not operative for the reason that notice of the intention of the police jury to adopt said ordinance had not been published as the law requires. He further alleged that, unless the police jury, the sheriff, and the district attorney were restrained from interfering with his use

and operation of the station, he would suffer damages in an amount in excess of $2,000, and that, if the officers were permitted to prosecute him under the said ordinance, which is penal in its nature, he would be liable to fine and imprisonment. He therefore prayed that a rule nisi issue, directing the Police Jury of the Parish of Jefferson through its proper officers, and the district attorney and the sheriff to show cause why a preliminary writ of injunction should not issue, restraining and prohibiting them from attempting to enforce said ordinance and from interfering with him in the use and operation of the station and garage, and that after trial the preliminary injunction be made permanent.

Defendants filed a plea of res adjudicata and an exception of no cause or right of action.

Defendants filed answer, in which they admitted that charges had been preferred against plaintiff for violating the provisions of the ordinance and that the district attorney had threatened to file additional charges unless plaintiff ceased his operations.

There was judgment rejecting plaintiff's demands, and he appealed.

The ordinance involved was adopted by the Police Jury of the Parish of Jefferson on October 10, 1928, the purpose of its adoption being to put into effect the provisions of Act No. 275 of 1928. That act provides in Section 1 that persons desiring to operate and conduct a garage or an oil business in any locality within this state shall, prior to the issuance to them of a

permit to operate such business, address a petition to the city council or board of aldermen, when the establishment is to be located within a municipal corporation, or to the police jury, if said establishment is to be located outside a municipal corporation, accompanied with the written assent of a majority of the property owners within 300 feet of the proposed location of such establishment.

Section 3 provides that the act shall not become effective in any town, city, or village, "or in any parish, where such establishment is to be located outside of any city, town or village, until an ordinance of the governing authority carrying same into effect shall have been passed making same the law and only then after publication so to do has been published in the official journal of the Parish for not less than thirty days".

The ordinance of the police jury puts into effect Act No. 275 of 1928 in all sections of the Parish of Jefferson outside any city, town, or village, and Section 4 thereof provides that a violation of the ordinance shall constitute a misdemeanor punishable by fine of not less than $25 nor more than $250, or imprisonment in the parish jail for a term of not less than 30 nor more than 90 days, or both.

Plaintiff's petition shows that, by erecting an oil station without a permit, he violated the provisions of the statute and the ordinance which puts it into effect in the Parish of Jefferson. But he alleges that the ordinance of the police jury is invalid. Defendants' exception of no cause of action is grounded on the theory that, even if

it be conceded that the ordinance is invalid, plaintiff has no right in this proceeding, which is civil in its nature, to enjoin the police jury and the officers from enforcing the ordinance by criminal prosecution.

■ There is no merit in the exception of no cause of action, for the reason that the enforcement of the ordinance by criminal prosecution would necessarily involve plaintiff's property rights. Plaintiff has leased the lot for a term of 10 years, obligating himself to pay therefor a monthly rental of $165, and erected thereon suitable buildings and works for the operation of his proposed business. Under the ordinance, if he proceeds with the operation of the proposed business, he will subject himself to a separate criminal prosecution for each and every day he proceeds, and in case of conviction he will be subjected to fine or imprisonment or both. Such prosecutions and penalties would necessarily prevent him from exercising his right to use his property as he sees fit. In fact, if the ordinance is invalid, as plaintiff alleges it is, then his property rights will be destroyed as a result of unlawful prosecutions instituted by the Police Jury and officers of Jefferson Parish. Under the circumstances, he may enjoin the enforcement of the ordinance—assuming, of course, that the ordinance is invalid as alleged. Patout Bros. v. Mayor & Board of Trustees of City of New Iberia, 138 La. 697, 70 So. 616.

■ There is no merit in the plea of res adjudicata. The judgment pleaded as res adjudicata was rendered in a former

suit brought by certain property owners to enjoin Frank J. Grefer from building an oil station on the lot owned by Grefer, under a permit granted by the police jury. This is the lot which he subsequently leased to Dumestre, the plaintiff in the present suit, and on which Dumestre built his station. In the former suit, the property owners made the Police Jury of Jefferson Parish a party defendant, and alleged that the permit issued to Grefer was null and void because Grefer's application for the permit was not accompanied with the written consent of a majority of the property owners, as required by Act No. 275 of 1928 and by the ordinance of the police jury adopted for the purpose of putting that act into effect. The property owners prayed that Grefer's permit to build the station be cancelled and that he be enjoined from proceeding with his building operations. The police jury answered, alleging that its ordinance authorizing the issuance of the permit was valid, and prayed that the suit of the property owners be dismissed. Grefer excepted to the petition of the property owners on the ground that Act No. 275 of 1928 and the ordinance of the police jury adopted for the purpose of carrying that act into effect were both unconstitutional.

There was judgment in that suit decreeing that the permit was illegally issued and declaring null and void the ordinance authorizing the issuance of it, and the police jury was ordered to cancel and erase from its records the said ordinance and the permit.

Grefer's exception to the petition of the property owners was overruled on the ground, as stated in the judgment, that the court was of the opinion that the ordinance adopted on October 10, 1928, for the purpose of putting Act No. 275 of 1928 into effect, was a legal and valid ordinance.

Article 2286 of the Revised Civil Code reads as follows: "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

In the former suit, plaintiffs were property owners, and the defendants were Grefer, to whom a permit for the building and operation of an oil station on a designated lot had been granted, and the police jury, which had granted the permit. The object of the demand, or the "thing demanded", was that the ordinance authorizing the granting of the permit be decreed void and that the permit be cancelled. The alleged cause of action was that the ordinance authorizing the granting of the permit was illegal because Grefer's application for the permit was not accompanied with the written assent of a majority of the property owners within 300 feet of the location of the proposed establishment, as required by the ordinance and by Act No. 275 of 1928.

In the present suit, the plaintiff is Dumestre, who later leased the same lot

from Grefer and who, without a permit, erected thereon an oil station and was prosecuted for so doing. The defendants are the police jury, the sheriff, and the district attorney. The objects of the demand, or the things demanded, are, first, that the ordinance of the police jury adopted for the purpose of putting into effect Act No. 275 of 1928 be decreed to be inoperative because the police jury failed to publish notice of its intention to adopt said ordinance as required by the statute; second, to have it decreed that both the ordinance and the act are unconstitutional, and third, for judgment restraining the police jury, the sheriff, and the district attorney from enforcing the ordinance. The cause of action is that the enforcement of the ordinance will seriously interfere with plaintiff's property rights.

Clearly the plea of res adjudicata here made does not meet the test laid down in Article 2286 of the Code. While the police jury was made defendant in each of the suits, the object of the demand made against it in the first suit was not the same as that made in the second. The relief sought in the first suit was neither the same as, nor similar to, that sought in the second. The sheriff and the district attorney were parties defendant in the second suit but not in the first. The plaintiffs in the first suit were property owners who sued to have cancelled a permit issued to Grefer by the police jury for the building of an oil station. The same property owners made themselves parties to the second suit by way of intervention, but their demands were not the same as those in their first suit. In the second suit they joined the police jury, the sheriff, and the district attorney in opposition to the demands of the plaintiff.

Dumestre, the plaintiff in the present suit, was attorney for Grefer in the former suit. Dumestre is also Grefer's lessee, and it is suggested by counsel for defendants that Dumestre, being Grefer's lessee, stands in the place and stead of Grefer. Even if that be conceded, the fact remains that the object of the demand, or the relief sought in the first suit, is not the same as that sought in the second.

■ The remaining question is whether the ordinance adopted by the police jury on October 10, 1928, for the purpose of putting into effect Act No. 275 of 1928, is operative. If it is not, plaintiff is entitled to the relief prayed for. Whether it is operative or not depends upon whether the police jury published notice of its intention to adopt the ordinance and put the law into effect, as required by Section 3 of the Act No. 275 of 1928, which reads in full as follows:

"That this law shall not become effective in any town, city or village, or in any parish, where such establishment is to be located outside of any city, town or village, until an ordinance of the governing authority carrying same into effect shall have been passed making same the law and only then after publication so to do has been published in the official journal of the Parish for not less than thirty days."

This section of the statute makes it perfectly clear that Act No. 275 of 1928 shall not become effective until an ordinance of the governing authority carrying the same

into effect has béen passed "making same the law *and only then after publication so to do has been published in the official journal of the Parish for not less than thirty days*". (Italics are the writer's.) In the case of State ex rel. Holcombe v. City of Lake Charles et al., 175 La. 803, 144 So. 502, 503, we said, in commenting on the phrase "and only then after publication so to do has been published in the official journal of the Parish for not less than thirty days", that "The expression 'after publication so to do' seems to mean 'after publication of the intention so to do,' rather than publication of the ordinance after its adoption".

As we have stated, plaintiff in this case alleged that the Police Jury of Jefferson Parish did not publish notice of its intention to adopt the ordinance putting the act into effect for the time required by law, and that for that reason the ordinance is not operative. Counsel for defendants say in their brief that this point merits no serious consideration for the reason that plaintiff made no effort whatever to prove that the notice of intention to adopt the ordinance and put the law into effect was not in fact published for 30 days, as required by the statute, and they refer to the ordinance itself, which declares in Section 3 that it should become effective after its passage and promulgation, "due notice having been published for full thirty days in the Jefferson Democrat, the official journal of the Parish of Jefferson, in accordance with Section No. 3 of Act 275 of 1928".

Regardless of the recitals in the ordinance, the fact remains that the record un-

mistakably shows that notice of the intention to adopt the ordinance was not published for 30 days. Plaintiff offered in evidence an extract from the minutes of the police jury showing that at its meeting held on September 12, 1928, Mr. Conzelmann addressed the jury "in regards to Act 275 recently passed by the Legislature which gives the Police Juries the power and authority to regulate the laying out of sub-divisions, also the authority to require permits for the installation and operation of Oil Filling Stations, Advised the Jury to have ordinances adopted", etc. The minutes contain the following recital:

"On motion of Mr. Cantrelle, seconded by Mr. Fisher, it was Resolved that the District Attorney be requested to have the above mentioned ordinances drafted for the next regular meeting of the jury."

Plaintiff introduced in evidence also a copy of the Jefferson Democrat, official journal of Jefferson Parish, published on September 15, 1928, in which there appeared the following notice:

"Notice .

"Notice is hereby given, in accordance with Section No. 3 of Act No. 275 of 1928, that the Police Jury of the Parish of Jefferson, shall pass an ordinance to regulate the operation of the business of garages and oil stations, in accordance with the provisions of Act No. 275 of 1928.

"Wm. Hepting
"Secretary"

Since the Jefferson Democrat is a weekly paper published every Saturday and

since the district attorney was requested on September 12 to prepare the ordinance, it is clear that the notice could not have been published in the official journal prior to September 15.

The ordinance itself was filed in evidence and shows on its face that it was adopted by the police jury at its meeting on October 10, 1928. Hence it is perfectly clear that this notice was not published for 30 full days prior to the adoption of the ordinance.

Act No. 275 of 1928 is clear and specific that it does not go into effect until after the adoption by the police jury of an ordinance making it the law, and only then after publication for 30 days of notice of the intent of the police jury to adopt such an ordinance putting the law into effect.

Plaintiff specifically alleged that the ordinance was not operative because the notice was not published according to law. This put counsel for defendants on guard as to what plaintiff's contentions were. By introducing and filing in evidence the documents referred to, plaintiff made out a prima facie case on this point. If, as a matter of fact, there were other publications of the notice, the burden was upon the defendants to show that fact.

■ Counsel for defendants argue in their brief that plaintiff's rights were not prejudiced by the failure of the police jury to follow the requirement of the statute as to publication and for that reason he has no right to complain. There is no merit in this argument. If the law has not been put into effect in Jefferson Parish, it is not

in operation there, and for that reason plaintiff is being illegally prosecuted criminally and illegally deprived of the use of his property. Therefore, the attempted enforcement of the law is highly prejudicial to both his liberty and his property rights.

■ The language of Section 3, Act No. 275 of 1928, relating to the method of putting the act into effect, is clear and specific. Failure to follow the rule laid down therein is fatal. Publication of the notice prescribed by the statute is a condition precedent to its operation.

A similar ordinance was attacked on the same ground in the case of State ex rel. Holcombe v. City of Lake Charles, supra. In discussing the provisions of Section 3 of the act, it was strongly intimated that, in order that the law be effective, notice must be published as directed. The court said, however, that the matter of publication of the notice was of no importance in that case because neither the notice nor the ordinance was published.

We think the ordinance adopted on October 10, 1928, to put the statute into effect, is ineffective because the notice was not published as required by the act.

As to the constitutionality of the ordinance and the act, we express no opinion.

For the reasons assigned, the judgment appealed from is reversed, and there is now judgment in favor of the plaintiff and against the defendants, and each of them, permanently enjoining defendants from enforcing said ordinance; defendants to pay all costs.