No. 12,303.

PAUL LECOURT VS. D. S. GASTER, SUPERINTENDENT OF POLICE, ET ALS.

An injunction will not issue to restrain the execution of a criminal statute.

APPEAL from the Civil District Court for the Parish of Orleans. Théard, J.

E. A. O'Sullivan for Plaintiff, Appellant.

Samuel L. Gilmore, City Attorney, for Defendant, Appellee.

Argued and submitted March 4, 1897.
Opinion handed down March 15, 1897.

The opinion of the court was delivered by

WATKINS, J.   The plaintiff alleges that he is a licensed restaurant keeper and retailer of spirituous, vinous and malt liquors, doing business at West End, a place of resort for recreation and health much frequented by the citizens of New Orleans; that he conducts his establishment in an orderly and peaceful manner, and in strict .accordance with police regulations.

That he has been informed and believes that it is the intention of the defendant to enforce against him on Sundays the provisions of Act 18 of 1886, known as the Sunday law, and that in the enforcement of said law he (defendant) proposes to close up his said establishment and thus interfere with his constitutional right of carrying on his business.   That his aforesaid business is lawful and recognized as such by laws of the State and city, and that said act especially exempts localities such as that at which his business is being prosecuted from its operation and effect.

For the foregoing reasons plaintiff sought and prayed for a writ of injunction to prevent the defendant from closing his establishment as proposed.

To this petition the defendant tendered as a peremptory exception the want of jurisdiction of the District Court *ratione materiæ et personæ*, and same having been sustained by the judge *a quo* and the order of injunction refused, the plaintiff prosecutes this appeal.

In the course of his reasons for refusing the order the judge said the case involved an interpretation of the Sunday law, and same was beyond the jurisdiction of a court of civil jurisdiction exclusively.

In State *ex rel.* City of New Orleans vs. Judge, 48 An. 1448, a similar question was raised and decided and in the course of our opinion we said:

"Act No. 18 of 1886 is a criminal statute.   The duty was imposed upon relator (defendant here) to see that the statute was executed. It was his duty to arrest all offenders against that statute.   *No court has the power by injunction to restrain the execution of a criminal statute.*   But the respondent judge says the law does not apply to the plaintiff in injunction.   This is placing an interpretation upon a criminal statute that is within the jurisdiction of the Criminal Court.

"In the case of Hottinger vs. City, 42 An. 630, it was said the courts of this State have no power to issue an injunction to prevent a

Grunewald vs. Soap, Starch and Candle Manufactory, Limited.

municipal corporation from enforcing, by authorized judicial process, its police ordinances, penal in their nature, enacted for the promotion ·of the public health.

" Much stronger, therefore, is the reason that no court can enjoin ·the execution of a criminal law of the State, or the officers upon whom devolves the duty, from enforcing obedience to the law."

The instant case can not be distinguished from that one; and we ·adhere to the opinion and ruling therein.

Judgment affirmed.