No. 12,632.

SOUTHERN COTTON OIL COMPANY VS. BOLAND S. LEATHERS ET AL.

An injunction was issued to prevent the defendant from buying seed ·cotton in sacks; the latter, the sacks (not the cotton), were owned by the plaintiff in injunction.

The planter, it was alleged, had, to the knowledge of the defendant, bound himself to fill the sacks with new cotton, and to ship the cotton to the plaintiff. Instead of so doing, he had sold the cotton, or was about to sell it, to the defendant.

The injunction was set aside on bond. Plaintiff appealed from the order authorizing the defendant to bond.

The value of the sacks, as compared with the value of the cotton, was small There was no injury, irreparable.

When an injury is reparable an injunction restraining it may be dissolved on bond.

An order dissolving on bond an injunction not working irreparable injury is not appealable.

The plaintiff may be entitled to damages, for which the bond was given. As to defendants, there is no question of specific performance. C. C. 1926.

A PPEAL from the Civil District Court for the Parish of Orleans. Rightor, J.

_Edwin T. Merrick_ for Plaintiff, Appellant.

_Geo. W. Flynn_ for Defendants, Appellees.

Submitted on briefs November 15, 1897.
·Opinion handed down December 13, 1897.
Rehearing refused February 21, 1898.

The opinion of the court was delivered by

BREAUX, J. Plaintiff sued the defendant for seven hundred cotton seed sacks, valued by it, at ten cents each; also for one hundred and fifty dollars, value of the use of the sacks during defendants' possession.

A writ of sequestration for the sacks was issued on plaintiff's petition.

In matter more particularly of the injunction which was issued at its instance (in addition to the writ of sequestration) it sets out its

custom of furnishing seed sacks and avers that some three hundred thousand of its sacks had been delivered to cotton farmers to be filled, and those not filled to be returned in accordance with written agreement.

Plaintiff charges that one of the defendants, who is engaged in the carrying business, though he had full knowledge of this agreement and was fully aware that it was the owner of these sacks, notwithstanding bought the seed for his account, or that of a company in which he is interested, and thereby it would divest its trade (unless prevented by an injunction) and cause it irreparable injury.

This defendant was allowed by the court *a qua* to bond the injunction on a bond of fifteen hundred dollars.

An order for suspensive appeal was granted to this court, and the appeal was taken by plaintiff. An affidavit was filed on the appeal with the view of supplementing the allegations of its petition regarding the value of the interest involved in the suit.

In the motion to dismiss the appeal a number of grounds are alleged.

We think the following ground, of the number set forth, is ground enough to sustain the motion: " the injuries alleged can be compensated in money."

Appellant seeks to bring its case within the application of principles laid down in several decisions of this court, in which it was held, in substance at least, that the claims set up had no equivalent in money, as, for instance, where the feelings and sensibilities of the one complaining have been greatly outraged, or where he has been deprived of an object of affection or of things deemed of great value because of the affection and regard with which they are associated. The loss of the shelter of one's house, if lost by an act of injustice, is another instance of injury which may not be compensated for in money and is included in the class of cases in which an injunction should not be dissolved on bond.

Here the case is not of that class of cases just indicated.

The offending here consisted in buying cotton in sacks, which the defendant knew was plaintiff's property. The value of these sacks is alleged. The purchase by the defendant of cotton in bags owned by another than the seller is not an injury in so far as it may be actionable, which can not be compensated for in dollars and cents.

This brings us to the trade and business which appellant alleges

has been established by it through years of effort and careful atten-tion, and which it is alleged would be diverted and irreparably lost if the injunction be not made perpetual.

It will be borne in memory that we have naught to do at this time with deciding any question going to the merits of the injunction.

The conclusion of appellant above quoted from his petition in regard to business diverted and irreparable damages, taken with the facts alleged, offer very slender ground upon which to hold that a bond can not contain provisions sufficient for the payment of all recoverable damages.

The issue, traced to its origin, grows out of the alleged disposal of cotton, and the unwillingness of those to whom plaintiff's sacks were delivered to comply with their promise.

The debtors, or promissors, not being before us we will not pass upon the nature and binding effect of the alleged agreement between them and the plaintiff, further than to say if the contract was one " to do " the equivalent for the loss was assessable in damages at any rate as relates to defendants, third persons, with notice as alleged.

*Toute obligation de faire on de ne pas faire se resout en dommages et interets en cas d'inexecution de la part du debiteur.* Baudry-Lacan-tinerie, Vol. II, p. 620.

It follows, in our opinion, if the defendant aided them, or is engaged in or is about to aid them to any extent and in such a way that he is responsible, the injury may be compensated for in money.

Taking each case of alleged purchase of cotton from the planters, it does not seem that the injury alleged to have been caused by their failure to fill the sacks and consign them to the plaintiff, and the asserted share taken by the defendant therein, are irreparable.

For instance, if one originally holding three or four thousand sacks were to sell them to another than the owner of the sacks after hav-ing filled them with cotton, and the former were sued and the buyer from him enjoined, the injunction set aside as in case of bond, the order authorizing the bonding would not offer ground for appeal as working an irreparable injury.

The same, we believe, is true of the large number of sacks distrib-uted by the plaintiff among cotton planters to be filled with cotton seeds. The injury would be greater, but would not be irreparable.

The whole sum of the business can be ascertained, and the loss to its business on plaintiff's theory determined.

Article 307, relative to bonds, we think, may include the case where the number of purchases have been made, and which amount to an interference with another's business, for which damages may be recovered.

In fine it will be time enough to determine that such injunctions can not be dissolved on bond when it will have been proven, in the action here, that plaintiffs will be subjected to continuous grievance or subjected to any grievance at all.

Where the injury is irreparable, not susceptible of adequate return and the damages occasion a persistent grievance that can not be in any other manner stopped, injunction as a remedy may from the first be made so peremptory that a dissolving on bond will offer ground for sustaining an appeal.

On the face of the papers we do not take it that such is the condition of affairs in this case.

The method followed to get possession of property, delivery of which has been promised, has given rise to questions that are *res nova*. Though concerned not to anticipate, we, as relates to remediable injury, are not impressed by the reason that looks forward to the possibility of forever enjoining all buyers at times, however distant, from buying goods in open markets in the sacks or bags of another.

Neither are we impressed by the argument, upon the theory that the one who promises to sell can be coerced into the discharge of his promise to sell by enjoining all buyers from buying from him.

But if the loss should be as argued the bond upon which the injunction was dissolved will not be an obstruction to a proper judgment. In the meantime it is ample security, we think. The court *a qua* has not overstepped the bounds of its discretion. We must, at this time, withhold our interference.

The value of the cotton (not owned by plaintiff) as compared with the value of the sacks in which it was, is much larger, and in consequence a claim through or grounded upon the state of being the owner of the sacks does not impress us as being one of the kind of injuries to be considered irreparable.

In support of the position taken it is also urged by the plaintiff that the defendant having suggested in his motion to bond, that the

writ of injunction works an irreparable injury to his interest, the defendant was concluded by that allegation, as relates to plaintiffs; in other words, that there was inconsistency between the two: when he (defendant) sought to bond the injunction and his position when he seeks to prevent relator from appealing from an order to bond.

We think that it is answer enough to this assertion to say that the injury may be irreparable as to the defendant seeking to set aside the injunction on bond; and not irreparable as to the plaintiff seeking to appeal from the order granted defendant to bond the injunction.

Moreover, a defendant does not admit by the suggestion of his injury that the other (the plaintiff) has been or is injured.

Similar allegations are made in nearly all petitions for injunctions. It never has been held that it gave to the defendant an additional right to set aside the injunction on bond.

We note that Mr. High in his Treatise on the Law of Injunctions, Sec. 1497, 3 Ed., views the matter as resting in the sound judicial discretion of the court of the first instance and cites two decisions of this court. State *ex rel.* Cummings vs. Judge, 29 An. 360; State *ex rel.* N. O. and Havana S. S. and Lottery Co. vs. Judge, 23 An. 766. We, nevertheless, have not treated the case as one in which the court *a qua* had exclusive jurisdiction to determine whether or not the injury was irreparable. We have found that it was not irreparable. It follows that the appeal must be dismissed.

It is dismissed and a decree of dismissal will be accordingly entered.

MR. JUSTICE MILLER dissents.