NICHOLLS, J.
The plaintiff alleged: That the town of Farmerville had passed and promulgated an ordinance “levying a street tax on all residents between certain ages, providing for work onjthe streets in lieu of such tax, and fixing the penalty for failure to pay such tax or to do such work in lieu thereof.” (Ordinance No. 5.) That the mayor and council had likewise passed and promulgated Ordinance No. 11, providing for work to be done on the streets of Farmerville by all persons subject to road duty under the road laws of the state of Louisiana, and giving an option to all persons subject thereto to pay in lieu of said work certain sums of money, and fixing the penalties for the violation thereof.
That under and by virtue of said ordinances, and other ordinances of a similar character, of which petitioner does not know the number or title, D. W. Dawson, marshal of the said town of Farmerville, had demanded . of petitioner the sum of $2.25, which said marshal claims to be due by petitioner to the said town of Farmerville as a street tax levied and imposed on petitioner by the ordinance aforesaid.
That the said marshal had notified petitioner that, unless petitioner paid said sum demanded of him as a street tax under said ordinance, he (the said marshal) will proceed at once to arrest petitioner and bring him before C. I-I. Jameson, mayor of the town of Farmerville, for trial, and to be fined or imprisoned as said ordinances provide.
That said ordinances of the said town of Farmerville are unconstitutional, illegal, null, and void for the following reasons, to wit:
(1) The said ordinances are ultra vires of the said town of Farmerville and were enacted without authority of law.
(2) That said ordinances attempt to impose per capita taxes on petitioner and other residents of the said town of Farmerville in violation and contravention of prohibitory laws.
*316 (3) That said ordinances attempt to levy and collect taxes which, added to other taxes and collected by the said town of Farmer-ville, exceed in amount the limits fixed by its charter and by the Constitution and laws of this state.
(4) That said ordinances are unreasonable, arbitrary, and impossible of just and equal enforcement, in that they do not prescribe the time, place, and manner of performing the work thereby provided for in lieu of said per capita taxes, nor the character of notice to be served upon persons claimed to be subject thereto.
(5) That said ordinances attempt to impose upon those who violate them by failure to pay said per capita taxes penalties consisting of fines and imprisonment at hard labor in violation and contravention of the laws of this state.
(6) That said ordinances attempt to deprive petitioner and others of their liberty and property without due process of law, and to deny petitioner the equal protection of the laws, contrary to the Constitution of the state of Louisiana and of the United States of America.
(7) That said ordinances impose upon and exact of petitioner involuntary servitude for a purpose other than the punishment of crime, to wit, for the purpose of enforcing a payment of a per capita tax, contrary to the Constitution of the United States of America, the amendments thereto, and the laws enacted thereunder.
That unless restrained from so doing the said marshal will persist in and proceed with his wrongful attempt to compel petitioner to pay said illegal per capita tax, as provided in said invalid ordinances, and will arrest petitioner and cause him to be brought before the said mayor, who, unless restrained from so doing, will try and condemn petitioner to pay a fine or to be imprisoned at hard labor, as provided by said illegal ordinances, all to petitioner’s great and irreparable injury, and that a writ of injunction is necessary in the premises to protect petitioner’s rights.
In view of the premises petitioner prayed that a writ of injmiction issue herein, enjoining, restraining, and prohibiting the said town of Farmerville, its said mayor, marshal, and other officers and agents, from collecting and attempting to collect from petitioner the said tax of $2.25, or any other street tax or per capita tax of any amount whatever, and from arresting, trying, or punishing petitioner for his failure .to pay said tax or taxes, or to perform work in lieu thereof, and from in any manner enforcing against petitioner either of the Ordinances No. 5 and No. 11 above described, or any other ordinance or ordinances of a similar character; that service hereof and citation according to law be had on the said town of Farmerville, through its said mayor, and on the said D. W. Dawson, marshal ; that on final trial there be judgment in favor of petitioner and against said defendants, sustaining and perpetuating the writ of injunction herein sued out, and decreeing the aforesaid Ordinances No. 5 and No. 11, and all other ordinances of a similar character, of the said town of Farmerville, to be unconstitutional, illegal, null, and void, and condemning said defendants in solido to pay the costs of this suit.
Petitioner prayed for all necessary and proper orders and for general and equitable relief.
The court ordered the injunction to issue as prayed for on plaintiff’s furnishing bond according to law in the sum of $50. Defendants excepted to the jurisdiction of the court. The exception having been argued and submitted, the court sustained the same and dismissed the suit. Plaintiff has appealed.
It will be seen from the allegations of appellant’s petition that the only threat (if such it could be called) of the marshal was to take him before the mayor of the town for trial, *318 and to be tried or imprisoned as said ordinances provided.
The marshal did not propose to keep him in arrest himself, or to proceed at one® against his property, but to cause his rights and obligations to be tested by the judicial tribunal appropriate and competent for that purpose. Before that tribunal and at that trial plaintiff had full opportunity to defend himself, by raising and having adjudicated the same issues which he is attempting to now raise and have decided by the district court, with the right to a direct appeal from the decision of the mayor’s court to the Supreme Court on-these issues. Instead of submitting them to the court having direct and immediate jurisdiction over the subject-matter, he determined to oust that tribunal of its jurisdiction in the premises, and by anticipation he himself elected the district court as the tribunal which should primarily pass upon the issues he proposed to raise. This he was not entitled to do. Murat v. New Orleans, 119 La. 514, 515, 44 South. 279. The occasion was not one for precipitancy. I-Iis rights were in no immediate danger. He would suffer no irreparable injury by letting matters take an orderly and regular shape. He had ample, immediate remedy under the law, without the need of calling into exercise the equity powers of any court. On the district court’s deciding it had no jurisdiction to pass on the issues in manner and form and under the circumstances they were presented to it, plaintiff has taken an appeal to the Supreme Court, evidently claiming that he has raised an issue in the district court as to the power and authority of the town of Farmerville to pass the ordinances, and as to their legality and constitutionality. On the correctness of that theory alone could this court have appellate jurisdiction in the premises, but that theory has no legal basis to rest on. There are not, nor as matters have shaped themselves can there be, such issues before this court. The issues he imagines he raised in the district court -were never raised, nor are they now legally pending there. The district court refused to have them raised in that court. It has never taken cognizance of them, and has refused to do so. They are not now, and legally speaking they have never been, before it. The district court has never in the slightest degree passed upon them. Plaintiff’s desire that they should be before-that court, and his attempt ■ to bring them before that court, did not succeed. There has. been no issue raised in the district court over which this court has appellate jurisdiction.
For the reasons assigned, the appeal herein taken is dismissed.