211 So.2d 665

**Ed WEST, d/b/a Globe Foods,**

**v.**

**TOWN OF WINNSBORO, Louisiana.**

**No. 48584.**

Nov. 6, 1967.

On Rehearing March 25, 1968.

E. Rudolph McIntyre, Winnsboro, R. Gordon Kean, Jr., of Sanders, Miller, Downing & Kean, Baton Rouge, for defendant-appellant.

Robert B. Guerriero, Monroe, for plaintiff-appellee.

SUMMERS, Justice.

On December 19, 1966, the Mayor and Board of Aldermen of the town of Winnsboro adopted an ordinance prohibiting the sale of food on Sundays in retail grocery stores having more than 1,600 square feet of enclosed space. The ordinance further provided that only those stores meeting the above restriction, which were owner-operated and employed no more than one employee, could open within the town on Sunday. Violators of the ordinance were, by its terms, to be fined not less than twenty-five dollars nor more than two hundred fifty dollars, or imprisoned for not less than ten days nor more than thirty days, or both, for each offense. It was the expressed intent of the ordinance that only what it termed "neighborhood groceries" should be allowed to open on Sundays.

After the ordinance was enacted, the Mayor advised plaintiff Ed West, the owner and operator of a large grocery store in Winnsboro, that the ordinance would be enforced, and all persons found violating the same would be arrested and punished in accordance with its provisions.

Therefore, on December 29, 1966 plaintiff, Ed West d/b/a Globe Foods, instituted suit in the District Court against the town of Winnsboro, its Mayor and Marshal for an injunction to restrain and enjoin the enforcement of the ordinance. He alleged that he was the owner and operator of a retail grocery store of more than 1,600 square feet of enclosed space and more than one employee, which had remained open on Sundays and every day of each week since it started business. The ordinance, plaintiff alleged, would compel him to either close and lose the $500 profit ordinarily earned on Sundays, or remain open and suffer arrest, fine and imprisonment.

Plaintiff based his suit for injunction on the proposition that the ordinance would cause him irreparable injury and would deprive him of the right to conduct his business on Sundays, and Sunday opening was essential to the life of the business. Plaintiff set forth, moreover, that no justification or public necessity existed for the restrictions imposed by the ordinance; that this unwarranted restriction on the use and enjoyment of his property is a deprivation of petitioner's property without due process of law contrary to the guarantees of the Fourteenth Amendment to the Constitution of the United States and Section 2 of

Article I of the Constitution of the State of Louisiana. He alleged, moreover, that the classification established by the ordinance was arbitrary and discriminatory and, in fact, punitive in nature in that it is directed at large grocery stores like petitioner's while favoring smaller stores; that no public purpose is served by the classification and hence it is an abuse of legislative authority.

Defendants excepted, denying the jurisdiction of the court and plaintiff's right to enjoin the enforcement of a regulatory ordinance of a municipality or that plaintiff had a property right which was impaired by the ordinance. In its answer to plaintiff's petition defendants alleged the constitutionality of the ordinance and the classifications established by it because the classifications are related to the different effects large and small grocery stores have on the peace and quiet of the community on an established day of rest.

An affidavit of the Mayor and Town Marshal was attached to the answer setting forth that the ordinance was adopted for the purpose of regulating traffic and "other activity" on Sundays. Closing large grocery stores on Sundays, they thought, would avoid the necessity for providing "municipal services" and police protection which would not otherwise be required. The smaller stores were excluded from the Sunday closing, defendants say, because they did not cause traffic problems, and permitting small groceries to remain open would afford the residents of Winnsboro a means for obtaining necessary food on Sunday.

The judge of the District Court, in effect, declared the ordinance unconstitutional by enjoining its enforcement. The defendants have appealed.

On this appeal plaintiff does not question the right of the town of Winnsboro to enact a Sunday Closing Law; his position in justification of the District Court judgment is that such an ordinance cannot be enacted containing an unreasonable classification, which has no bearing upon public order, public morals or the public welfare and which is, in reality, an effort to eliminate competition and confer a preference on his competitors.

The assailed ordinance is a regulatory measure, enforceable by a penalty provision including fine and imprisonment. It is, therefore, criminal in nature. Thus the equity arm of civil courts have no jurisdiction to prevent the enforcement of such ordinances by injunction. Le Blanc v. City of New Orleans, 138 La. 243, 70 So. 212 (1915). The enforcement of criminal laws belongs within the exclusive province of those tribunals created for that purpose. In this instance, the municipal court of Winnsboro would be the proper tribunal in the first instance to enforce or refuse to enforce the town's regulatory ordinances with criminal penalties.

An exception to the rule that the equity arm of a civil tribunal cannot be invoked to enjoin the enforcement of a criminal law is made where three conditions concur, to wit: (1) the invasion of a property right must be clearly shown, (2) the unconstitutionality or illegality of the ordinance must be manifest, and (3) the judge must be satisfied that the applicant is threatened with irreparable injury, against which the law, as administered in the courts vested with jurisdiction of the prosecution, affords no adequate remedy. If either of these conditions is lacking, the civil district court should not issue the writ. There is a long line of cases in this state to that effect. Olan Mills Inc., of Tennessee v. City of Bogalusa, 225 La. 648, 73 So.2d 791 (1954); Godfrey v. Ray, 169 La. 77, 124 So. 151 (1929); Osborne v. City of Shreveport, 143 La. 932, 79 So. 542, 3 A.L.R. 955 (1918); Le Blanc v. City of New Orleans, 138 La. 243, 70 So. 212 (1915); Louisiana Oyster & Fish Co. v. Police Jury, 126 La. 522, 52 So. 685 (1910); Mathews v. Town of Farmerville, 121 La. 313, 46 So. 339 (1908); Bonin v. Town of Jennings, 107 La. 410, 31 So. 866 (1901); State v. Crozier, 50 La.Ann. 245, 23 So. 288 (1898); LeCourt v. Gaster, 49 La.Ann. 487, 21 So. 646 (1897); Hottinger v. City of New Orleans, 42 La.Ann. 629, 8 So. 575 (1890); City of New Orleans v. Becker, 31 La.Ann. 644 (1879); Levy & Company v. City of Shreveport, 27 La.Ann. 620 (1875); Devron v. First Municipality, 4 La.Ann. 11 (1849); Baton Rouge Fireworks Co. v. Police Jury, 127 So.2d 54 (La. App.1961).

It is unnecessary to consider either the alleged unconstitutionality of the ordinance or whether its threatened enforcement results in the invasion of a property right. At the threshold of the case we are confronted with the proposition that an injunction should not issue to restrain the enforcement of a criminal law, unless the judge is satisfied that the applicant is threatened with irreparable injury, against which the law, as administered in the courts vested with jurisdiction of the prosecution, affords no adequate remedy.

As we have noted, the tribunal established by law to try violations of the municipal ordinances of Winnsboro is the municipal court of Winnsboro. La.R.S. 33:441. The issue here is not whether the contested ordinance is constitutional or not, the issue is whether the District Court should oust the municipal court of the jurisdiction conferred upon it by law to hear and determine the constitutionality of the ordinance in the first instance, when the District Court has no supervisory jurisdiction over the municipal court.

It cannot be assumed that the municipal court will fail to declare the ordinance unconstitutional if it is, in fact, unconstitutional. And plaintiff's remedy, instead of seeking an injunction in the District

Court, is to file a motion to quash the affidavit filed against him and raise the constitutional issue when an attempt is made to prosecute him. If plaintiff's position is sound, and the ordinance is held unconstitutional, there is an end to the matter. However, in the event of an adverse judgment in the municipal court, resort can then be had to appellate remedies, if any,[1] and thereafter application to the Supreme Court for writs with stay orders, until a final decision is had on the constitutionality of the ordinance.[2] This remedy, we think, is adequate in the absence of extraordinary circumstances which would require that equity intercede. Those circumstances are not present here.

For the reasons assigned, the injunction is dissolved and the judgment appealed from is reversed and set aside; plaintiff's suit is dismissed at his cost.

## ON REHEARING

SANDERS, Justice.

Because of the importance of this case to the administration of equitable remedies in Louisiana courts, we granted a rehearing to reconsider our holding that the district court could not enjoin the enforcement of a municipal Sunday Closing Ordinance imposing penalties for violation.

1. La.Const. art. 7, § 36 (1921).
2. La.Const. art. 7, § 10 (1921).

1. The violation of such an ordinance is not, usually and properly, regarded as a

The facts may be restated briefly: On December 19, 1966, the Mayor and Board of Aldermen of the Town of Winnsboro adopted an ordinance prohibiting the sale of food on Sunday by retail groceries having more than 1600 square feet of sales space. The ordinance authorized small owner-operated groceries employing no more than one person to remain open. The ordinance imposed a penalty of a fine and/or imprisonment for each violation.[1]

Plaintiff, Ed West, d/b/a Globe Foods, operated a grocery store containing more than 1600 square feet of sales space in Winnsboro. No charge had been filed against him for violating the ordinance. Alleging irreparable injury and unconstitutionality of the ordinance, he brought this suit to enjoin its enforcement. The district court granted the injunction. On appeal, we reversed on the ground the plaintiff had an adequate remedy at law: raising the unconstitutionality of the ordinance as a defense to a prosecution in municipal court.

Injunction is an equitable remedy. Since 1825, the procedural codes of this state have specifically provided for it. See C.P. (1825) Art. 296; C.P. (1870) Art. 296; and LSA–C.C.P. (1960) Art. 3601.

crime, and a trial arising from a violation is not regarded as a criminal prosecution. City of New Orleans v. Adjmi, 249 La. 346, 186 So.2d 616 (1966) and the authorities therein cited.

Although equitable remedies in the past have sometimes been denied in terms of lack of jurisdiction, the jurisdictional rationale is technically inaccurate. Louisiana district courts have jurisdiction of all civil matters. La.Const. Art. VII, § 35. They are courts of general trial jurisdiction and administer both law and equity. LSA–C.C. Art. 21. Strictly speaking, therefore, a district court always has jurisdiction in a civil action to grant an equitable remedy. The court possesses the "legal power and authority" to hear the action and grant the relief to which the parties are entitled. See LSA–C.C.P. Art. 1. When an equitable remedy is sought from a district court in a civil action, the true question is not one of jurisdiction, but whether or not the equitable remedy is warranted under the circumstances.

The ultimate question for appellate review in the present case is whether or not the district court properly granted the injunction.

Authorizing issuance of an injunction, LSA–C.C.P. Article 3601 provides:

"An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law."

Except when otherwise specially authorized by law, the Article requires a threat of irreparable injury. The requirement codifies the prior jurisprudence. See LSA–C.C.P. Art. 3601 (Official Revision Comments); Pennington v. Drews, 209 La. 1, 24 So.2d 156 (1945); and Southern Cotton-Oil Co. v. Leathers, 50 La.Ann. 134, 23 So. 201 (1897).

As correctly noted on original hearing, however, the jurisprudence has established two additional conditions for granting an injunction to restrain the enforcement of *penal* ordinances: the clear invasion of a property right and the manifest unconstitutionality or illegality of the ordinance. Sears, Roebuck and Company v. City of New Orleans, 238 La. 936, 117 So.2d 64 (1960).

It is upon these conditions that the propriety of the issuance of the injunction in the present case should be tested, namely: (1) the clear invasion of a property right; (2) threatened irreparable injury; and (3) the manifest unconstitutionality of the ordinance.

We have no difficulty in concluding that the present ordinance clearly invades a property right. In the equitable protection of property rights, the courts have broadly defined the term *property right*. It embraces any civil right of a pecuniary nature. Thus, the right to pursue employment or to conduct a business is a property right which equity will protect. The protection extends to any substantial interference produced by unconstitutional legislation. Sears, Roebuck and Company

v. City of New Orleans, supra; Banjavich v. Louisiana Licens. Bd. For Marine Divers, 237 La. 467, 111 So.2d 505 (1959); Dumestre v. Police Jury, Parish of Jefferson, 195 La. 492, 197 So. 209 (1940); Patout Bros. v. Mayor, Etc. of City of New Iberia, 138 La. 697, 70 So. 616 (1916); McClintock on Equity § 151, p. 402 (2d ed. 1948); de Funiak, Handbook of Modern Equity § 41, pp. 75–77, (2d ed. 1956); 30 C.J.S. Equity § 58 pp. 897–899; 27 Am.Jur. 2d, Equity, § 66, pp. 589–590; 28 Am.Jur., Injunctions, § 70, p. 566.

In Banjavich v. Louisiana Licens. Bd. For Marine Divers, supra, we said:

"That the pursuit of a legal occupation is a property right cannot be gainsaid. This court, buttressed by authorities of the Supreme Court of the United States, has recognized that the right to engage in a lawful calling is of such a basic nature that the curtailment of the right by oppressive or arbitrary legislation effectuates a deprivation of the complainant's property without due process and denies him equal protection of the law."

■ In oral argument, the Town advanced for the first time the contention that plaintiff has no right to operate his business on Sunday because such operation is already prohibited by the state Sunday Closing Law, LSA–R.S. 51:191 et seq. It is true the law provides that "all stores, shops, saloons, and all places of public business" shall close on Sunday. But LSA–R.S. 51:-192 exempts "private markets" from its operation. In State v. Penniman, 224 La. 95, 68 So.2d 770 (1953) we held *private markets* to be sufficiently broad to exempt from the closing law a supermarket selling groceries. Hence, the Town's contention is unfounded.

For injunctive purposes, we conclude the Winnsboro ordinance invades plaintiff's property rights.

■ Of greatest concern to the Court on original hearing was the requirement of irreparable injury: that plaintiff be without an adequate remedy at law. We held an adequate legal remedy existed, because plaintiff could raise the unconstitutionality of the ordinance in any prosecution brought against him in municipal court. We now believe we erred in so holding. By adequate remedy at law is meant one which is as speedy, efficient, and complete as the remedy in equity. See Banjavich v. Louisiana Licens. Bd. For Marine Divers, supra; de Funiak, Handbook of Modern Equity § 5, pp. 9–10 (2d ed. 1956); McClintock on Equity § 43, p. 103 (2d ed. 1948); 27 Am.Jur.2d, Equity, § 94, pp. 616–617; and 28 Am.Jur., Injunctions, § 39, pp. 534–535.

The test is correctly stated in 28 Am. Jur., Injunctions, § 39, p. 534, as follows:

"It is not enough that there is a remedy at law. The remedy, to preclude in-

junction, must be certain and reasonably prompt, and as practicable and efficient to the ends of justice and its administration, both in respect of the final relief and the mode of obtaining it, as an injunction would be."

The ordinance assailed in the present case authorizes a maximum sentence of thirty days imprisonment together with a fine of two hundred and fifty dollars for each offense. An appeal from the maximum sentence lies to the district court. Art. VII, § 36, La.Const.; State v. Lanthier, 241 La. 790, 131 So.2d 790 (1961). If the district court affirms the conviction, the defendant may then apply to this Court for supervisory writs. See Art. VII, § 10, La.Const. To interpose his defense, the plaintiff must wait until a prosecution is filed.

It is true, as noted in our original opinion, a defendant in such a prosecution may raise the constitutionality of the ordinance before trial by motion to quash the affidavit. C.Cr.P.Art. 532. But a defendant has no separate appeal from an adverse ruling on the motion. See C.Cr.P.Art. 912. Hence, to secure appellate review of the constitutionality of the ordinance, he must stand trial and accept the stigma of conviction. Under these procedures defendant's good name and reputation are in serious jeopardy. Moreover, during the proceeding in the lower courts, the defendant must close his business as required by the ordinance

with irretrievable loss or subject himself to multiple prosecutions.

When unconstitutional ordinances or laws interfere with the pursuit of a lawful occupation, this Court has declined to rate the defense of a prosecution as an adequate remedy and has granted injunctive relief. See Sears, Roebuck and Company v. City of New Orleans and Banjavich v. Louisiana Licens. Bd. For Marine Divers, supra. We are of the view that the defense of a prosecution in the present case is an inadequate remedy.

The Town, during oral argument, also suggested the plaintiff had an adequate remedy by a "declaratory judgment action" for testing the constitutionality of the ordinance. See LSA–C.C.P. Art. 1871 et seq. A declaratory judgment proceeding, however, is not really an alternative action. The declaratory judgment statute merely creates a procedural device whereby courts may declare rights without at the same time granting the executory or coercive relief normally embodied in a conventional judgment. Giroir v. Dumesnil, 248 La. 1037, 184 So.2d 1 (1966); Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964). The action is identical whether the petitioner seeks a declaratory judgment only or the greater relief of a conventional judgment. See LSA–C.C.P. Art. 1871 (Official Revision Comments) and Giroir v. Dumesnil, supra. Hence, the sole differ-

ence between the present suit and that contended for by the Town is in the relief sought in the prayer of the petition.

We have found no decision in which the availability of a declaratory judgment has barred an equitable remedy. In the present case, we regard a declaratory judgment proceeding as inadequate because it would include no mandate to protect plaintiff during the pendency of the suit and no coercive relief in the final judgment. See Washington County v. State Tax Commission, 103 Utah 73, 133 P.2d 564 (1943). Hence, the Town's contention must be rejected.

Remaining for decision is the constitutionality of the ordinance.

The courts have generally upheld Sunday closing ordinances. See State v. Wiener, 245 La. 889, 161 So.2d 755 (1964); State v. Deutch, 245 La. 819, 161 So.2d 730 (1964); State v. Trahan, 214 La. 100, 36 So.2d 652 (1948); State ex rel. Walker v. Judge of Section "A.", 39 La.Ann. 132, 1 So. 437 (1887); and McGowan v. State of Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961).

 The legislative body has a wide latitude in classifying commodities and businesses in Sunday closing ordinances. But such an ordinance cannot invidiously discriminate between those in the same business who properly belong in the same class. City of Shreveport v. Schultz, 154 La. 899, 98 So. 411 (1923); State v. Bar-

ba, 132 La. 768, 61 So. 784, 45 L.R.A., N.S., 546 (1913); City of Shreveport v. Levy, 26 La.Ann. 671, 21 Am.Rep. 553 (1874); Terry Carpenter, Inc., v. Wood, 177 Neb. 515, 129 N.W.2d 475 (1964); Rhyne, Municipal Law § 26–13, pp. 542–543 (1957); 5 McQuillin, Municipal Corporations § 18.18, pp. 441–443 (3d ed. 1949); 16 Am.Jur.2d, Constitutional Law, § 503, pp. 881–882.

The record reflects the present ordinance requires all grocery stores except three to close on Sundays. The three exempted grocery stores have been in operation for at least fifteen years. The thrust of the ordinance, therefore, is to favor these stores and to hinder plaintiff's store.

 We discern no reasonable basis for such a fragmentation of grocery stores in the Town. The ordinance contains no declaration of purpose. The Town suggests, however, it closed the larger grocery stores to reduce the traffic hazard and the demand for municipal services on Sunday. But we find no substance in this suggestion. The only change accomplished by the ordinance is in the destination of some automobiles. The exempted grocery stores, as well as other large businesses, are unaffected by the ordinance. The ordinance unreasonably discriminates between those engaged in the same business. It is manifestly unconstitutional. 14th Amendment, U.S.Const.; Art. I, Sect. 2, La.Const.

Under the circumstances, the district court properly granted the injunction. See Sears, Roebuck and Company v. City of New Orleans, supra; Banjavich v. Louisiana Licens. Bd. For Marine Divers, supra; Dumestre v. Police Jury, Parish of Jefferson, supra; and Patout Bros. v. Mayor & Board of Trustees City of New Iberia, supra.

For the reasons assigned, the judgment of the district court is affirmed.

SUMMERS, J., concurs in part and dissents in part.

SUMMERS, Justice (dissenting in part and concurring in part from the opinion on rehearing).

I agree that the ordinance in question invades a property right. I agree, also, that the ordinance is unconstitutional. Therefore, what has been said in the opinion on rehearing is correct on these two issues. Nevertheless, I do not depart from the views I expressed as organ of the Court on original hearing.

As I understand the law—and I cited numerous authorities to support my view in the original opinion—before injunctive relief can be granted to prevent the enforcement of an ordinance which is penal in nature, a third condition must exist; that is, the court must also be satisfied that the

remedy provided by law is inadequate, and denial of injunction will result in irreparable injury. The fact that plaintiff must undergo a trial does not subject him to irreparable injury; nor is plaintiff's good name impugned by a conviction in a matter involving violation of a Sunday closing ordinance. Since these are the sole grounds upon which the majority opinion is predicated on this third requirement of the law, I cannot agree with the decision.

By this decision the door is opened to circumvent the authority of municipal courts, and other courts of original jurisdiction, upon the slightest pretense of irreparable injury. Intervention of equity is permitted in an area where the law is clear and equity has no proper place. The legal structure and orderly process established by the constitution and laws for adjudicating prosecutions under penal ordinances—and, by analogy, under criminal laws—are thereby disrupted. This is brought about by judicially superimposing upon that structure and process a judicial veto clothed in the garments of equity. Established courts are thus denied the right to adjudicate within areas clearly assigned to them by the constitution and laws.

Only extraordinary circumstances will warrant such intervention. They do not exist in this case.

I respectfully dissent.