SARTAIN, Judge.
National Food Stores of Louisiana, Inc., (hereafter, National) seeks injunctive relief against the Honorable Earl Cefalu, Mayor of the Town of Amite, Louisiana, its Town Marshal, and the various Town Councilmen, which would prohibit their enforcement of Town Ordinance No. 291, a Sunday Closing Law which has been used by those officials to prohibit National from operating a supermarket within the city limits of Amite on Sunday.
The applicable provisions of the subject ordinance provide as follows :
“Section 1: That from and after this ordinance takes effect, all stores, shops, saloons, and all places of public business which are or may be licensed under the ordinances or municipal laws of the Town of Amite are hereby required to be closed at 12 o’clock on Saturday nights and to remain closed continuously for 24 hours during which period of time it shall be unlawful for the proprietors thereof, or their employees or agents to give, trade, barter, exchange, or sell any of the stock or any article of merchandise kept in such an establishment.
Section 2: That whosoever shall violate the provision of this ordinance for each offense shall be deemed guilty of a misdemeanor and on trial and conviction shall pay a fine of not less than ten dollars, nor more than one hundred dollars or be imprisoned for not less than three days, nor more than ten days, or both, at the discretion of the court.
Section 3: That the provisions of this ordinance shall not apply to printing offices, drug stores, undertakers shops, dairies, railroad or express offices, hotels, boarding houses, restaurants, telegraph offices and theatres, gasoline and oil filling stations, garages, the sale and delivery of ice and morning newspapers, and providing further that no alcoholic, vinous, or malt liquors shall be given, traded, bartered, sold or delivered on said day between the hours of twelve o’clock midnight and 7:00 A.M. o’clock, and from 10:00 A.M. o’clock until 2:00 P.M. o’clock.
Section 4: That this ordinance take effect from and after its promulgation and according to law.
*291 Section 5: If any provision of this ordinance or the application thereof to any person or circumstances is held invalid, the remainder of this ordinance and the application of such provision to other persons or circumstances shall not he effected thereby and it is hereby declared to be the intention of the Board of Aldermen of the Town of Amite to lawfully re-enact any provision of this ordinance that is held to be invalid.
Section 6: That all laws or parts of laws contrary to or inconsistent with the provision hereof be, and the same are, hereby repealed.” (Emphasis ours)
This matter arose when the plaintiffs opened their store for business on Sunday, October 3, 1971; efforts were immediately made by the Town Marshal to cease their operation and, in so doing, the store manager was arrested, charged with four violations of the statute, and was required to post a $400.00 bond for his release. Those charges, in addition to motions to quash filed on behalf of National’s manager, are apparently still pending in the Mayor’s Court of Amite.
On October 8, the plaintiff obtained a temporary restraining order against further interference by the defendants and on Sunday, October 10, the store again opened from 8:00 o’clock A.M. to 1:00 o’clock P. M. without incident. A hearing combining consideration of the plaintiff’s application for a preliminary injunction and the defendants’ motion to dissolve the temporary restraining order was had on October 15. Subsequent to the taking of testimony and extensive arguments by counsel, the district judge ruled that the temporary restraining order should be dissolved and the rule for preliminary injunction dismissed. The plaintiffs have timely perfected this appeal.
Our decision in this case must be governed to a great extent by the ruling of our Supreme Court in the case of West v. Winnsboro, 252 La. 605, 211 So.2d 665 (1968), which is remarkably similar in many respects to the case at bar and in which issues of law germane here were settled.
There, the Town of Winnsboro adopted an ordinance prohibiting the Sunday operation of retail groceries having more than 1600 square feet of floor space, while stores of lesser size which were owner-operated and employed no more than one employee were allowed to open on that day. The plaintiff in that suit, as owner of a grocery exceeding the stated maximum, sought injunctive relief when he was notified by city officials that he would be prosecuted for violation of the ordinance. There, the district judge issued the injunction and an appeal of right was taken to the Supreme Court. La.Const. Art. 7, Sec. 10. Initially, that court dissolved the injunction and reversed the ruling of the district court, that judgment being predicated, inter alia, on the proposition that the plaintiff had failed to make out a showing of irreparable injury against which the law afforded no adequate remedy. In so ruling, the court reasoned that the plaintiff would not suffer irreparable injury in that he had an adequate remedy at law as he could prove the unconstitutionality of the ordinance as a defense to the municipal prosecution.
On rehearing, however, the court reversed itself and granted the issuance of the injunction. It concluded that where penal ordinances were involved, an injunction might properly issue where three criteria were met, they being:
“(1) The clear invasion of a property right;
(2) Threatened irreparable injury; and
(3) The manifest unconstitutionality of the ordinance.”
The court further concluded that each of these requirements was met in the case of the plaintiff there. They determined that he was being denied a property right, as the right to conduct a business, being a civil right of a pecuniary nature, falls within that category and is to be protected. *292 Secondly, irreparable injury would be done the plaintiff even though he might eventually prevail on constitutional grounds, as earlier suggested, in the municipal prosecution. The injury there envisioned by the court seems to be twofold. First, due to the non-appealable nature of the criminal motion to quash, appellate review of the constitutional question could only be had after standing trial which, if decided adversely to West, could have been particularly damaging to his reputation. Next, the court recognized that the owner would face multiple prosecutions if he continued to operate during the pendency of the proceedings or financial losses if he did not. Therefore, the test of irreparable injury was satisfied. Lastly, the court found that the ordinance was patently unconstitutional as there could be demonstrated no reasonable basis for the discrimination being promulgated among those in similar businesses.
The similarities between the West case and the case at bar are obvious, as we here have a grocery store seeking to enjoin the enforcement of a Sunday Closing Law against it, that law containing penalties rendering it criminal in nature. For the injunction to issue, therefore, it follows that each of the three criteria stated in West and previously quoted herein must be satisfied.
Clearly, we have no difficulty concluding, without a review of the rationale of each, that the first two of these conditions, namely:
(1) The clear invasion of a property right; and
(2) Threatened irreparable injury;
have been decided for us, and the authority of West prevails.
As in West, we also find here that the ordinance in question is manifestly unconstitutional. Article XIV, Sec. 40(d) of the Louisiana Constitution provides:
“The provisions of this constitution and of any general laws passed by the legislature shall be paramount and no municipality shall exercise any power or authority which is inconsistent or in conflict therewith. Subject to the foregoing restrictions every municipality shall have, in addition to the powers expressly conferred upon it, the additional right and authority to adopt and enforce local police, sanitary and similar regulations, and to do and perform all other acts pertaining to its local affairs, property and government which are necessary or proper in the legitimate exercise of its corporate powers and municipal functions.” (Emphasis ours)
Our jurisprudence is plainly to the effect that municipalities and their ordinances are subservient to the Constitution of this state and the general acts of the legislature. Lentini v. City of Kenner, 252 La. 413, 211 So.2d 311 (1968), and authorities cited therein.
The general law of this state concerning Sunday closings is expressed in LSA-R.S. 51:191, accordingly:
“Places of business to be closed; penalty
All stores, shops, saloons, and all places of public business, licensed under the law of Louisiana or under any parochial or municipal law and all plantation stores, shall be closed at twelve o’clock on Saturday nights, and remain closed continuously for twenty-four hours, during which time no proprietor thereof shall give, trade, barter, exchange or sell any of the stock or any article of merchandise kept in his establishment.
Whoever violates this Section shall be fined not less than twenty-five dollars nor more than two hundred and fifty dollars, or imprisoned for not less than ten days nor more than thirty days, or both for each offense.”
Immediately thereafter, however, LSA-R.S. 51:192 makes the following exemptions :
“Exemptions
The provisions of R.S. 51:191 shall not apply to news dealers, the sale of ice, *293 watering places and public parks, places of resort for recreation and health, newspaper offices, keepers of soda fountains, printing offices, book stores, drug stores, apothecary shops, undertaker shops, public and private markets, bakeries, dairies, livery stables, railroads, whether steam or horse, hotels, boarding houses, steamboats and other vessels, warehouses for receiving and forwarding freights, restaurants, telegraph offices and theaters, or any place of amusement, unless intoxicating liquors are sold in the premises. Stores may be open for the purpose of selling anything necessary in sickness and for burial purposes.
Hotels or boarding houses may sell wine for table use on Sundays. No alcoholic, vinous or malt liquors shall be given, traded or bartered or sold or delivered in any public place on Sundays, except when administered or prescribed by a practicing physician in the discharge of his professional duties. In which case the physicians administering the intoxicating liquors may charge therefor.” (Emphasis ours)
In State v. Penniman, 224 La. 95, 68 So.2d 770 (1953), our Supreme Court held that the term “private markets” was sufficiently broad to exempt from LSA-R.S. 51:191 a supermarket selling groceries. This ruling was reaffirmed in West, supra. As such, that legislative act has specifically exempted grocery stores from Sunday closing. A municipal ordinance in contravention of that statute is, therefore, repugnant to the constitutional authority proclaimed by Article 14, Section 40(d), of the Constitution of this state. The injunction, therefore, should have issued and the judgment of the district court will be reversed accordingly.
Reversed and rendered.