HALL, Judge.
This appeal by defendant, State of Louisiana, Through the Department of Highways, is from a judgment enjoining the Department and its contractor, Louisiana Paving Company, from preventing buses owned by plaintiff, Hilton Ramsey d/b/a Ramsey’s Bus Lines, “from traversing Louisiana Highway 4 over an approximate distance of four miles, which is under construction, during the period of construction.” Defendant, Louisiana Paving Company, did not appeal.
Plaintiff operates a bus line between Jonesboro and Shreveport, carrying passengers and light freight under a certificate of public convenience and necessity from the Louisiana Public Service Commission. He makes two round trips daily, five days a week, traversing en route a four mile *342 stretch of Louisiana Highway 4 between Jonesboro and Danville on which construction work is being conducted pursuant to a contract between the Department and Louisiana Paving Company. The bus traverses the area under construction at about 7:30 a. m. on the way to Shreveport, about 11:30 a. m. on the way back to Jonesboro, about 2:30 p. m. on the way to Shreveport, and about 6:45 p. m. on the way back to Jonesboro.
In March of this year, plaintiff’s bus was stopped by a flagman and he was told the highway was closed to through traffic and he could not go through. Plaintiff talked to the superintendent on the job and was told the same thing. He promptly filed suit for damages and injunctive relief against the Department and the contractor. Plaintiff elected to go forward with the action for an injunction and after trial, judgment was rendered granting the injunction.
The evidence shows a substantial part of plaintiff’s passenger and freight business has its origin or destination within the four mile area. If he cannot traverse this area and is required to take a detour of about twenty-five miles over another highway also under construction, he will lose substantial business and goodwill and the public will be inconvenienced and without service. He will be required to eliminate one of the daily round trips because of the additional travel time involved. Plaintiff contends he will suffer irreparable injury and has no adequate remedy at law.
The evidence shows the contract between the Department and its contractor provides that the contractor is not required to maintain through traffic but is required to allow and is, in fact, allowing use of the highway by local traffic. The contractor’s superintendent defined local traffic as that which has its origin or destination within the four mile area or traffic that has business within the area. Through traffic was defined as that “just passing through.” The specifications of the contract containing the provisions relating to through and local traffic are not in the record, but both parties accept the description of the contract provisions given by the superintendent. The superintendent testified that the mailman, for example, was allowed to use the highway; also, that persons living in the area could come in and out and persons visiting or having business in the area could go in and out. One lane was kept open at all times. The object was to hold traffic to a minimum for safety reasons and also to allow construction to move along without delay and interference.
The evidence also shows the road is open during the first and last trips made daily by plaintiff’s buses, which are before and after daily construction work hours.
The legal authority upon which the Department relies to prevent plaintiff’s use of the highway during the construction period is LSA-R.S. 48:346 which provides:
“The director may close any section of highway to all or any class or part of traffic or restrict the use thereof to the extent he thinks expedient for any length of time that, in his judgment, is appropriate:
(1) To permit construction or maintenance operations to proceed without interruption ;
(2) To protect the property of the state or the persons and property of the traveling public;
(3) Whenever, in his opinion, there is an emergency requiring the closing or restriction; or
(4) Whenever, in his opinion, the closing or restriction is to the best interest of the state or the state highway system.”
On appeal, the Department contends the highway was closed to through traffic by *343 order of the Director through the Department’s contract with the Louisiana Paving Company. The Department further contends that in any event plaintiff is not entitled to an injunction because he has not proved irreparable injury as required by LSA-C.C.P. Art. 3601, his injuries, if any, being compensable by monetary damages.
Plaintiff contends he has proven irreparable injury, that no order has been rendered by the Director closing the highway, that any order issued was not done in accordance with the Administrative Procedure Act, that at most the Director ordered the highway closed only to through traffic and plaintiff is local traffic, and that the statute giving the Director discretion to close highways is overly broad and unconstitutional.
The Director of the Department of Highways effectively and reasonably exercised his authority under LSA-R.S. 48:346 to close the section of the highway under construction to through traffic by virtue of the provisions of the contract with Louisiana Paving Company. No certain procedure or form of notice is required by the statute. The Administrative Procedure Act is not applicable. Notice by flagmen, signs, barricades, and the like is sufficient.
The Director has not closed the section of the highway to local traffic. Plaintiff’s operation amounts to local traffic under the definition given by defendant’s witness and accepted by the parties as descriptive of the contract provisions. He picks up and delivers passengers and freight having their origin and destination within the area under construction. He is just as much local traffic as the mail service. The trial court found there would be little inconvenience to the Department or its contractor in allowing plaintiff’s buses to go through twice a day. The Director has not closed the section of the highway to plaintiff in the operation of his small van-type buses. The action taken in prohibiting plaintiff’s buses from traversing this section of the highway was not taken at the direction of the Director and was without legal authority.
The protection of plaintiff’s right to do business, and the protection of plaintiff’s right and duty to serve the public under his certificate as a public carrier are properly subjects of injunctive relief. See West v. Town of Winnsboro, 252 La. 605, 211 So.2d 665 (1968).
This opinion does not restrict the Director, or those properly acting under his authority, from closing the section of the highway at any time in accordance with the provisions of LSA-R.S. 48:346 for the reasons enumerated in the statute. Our holding is that under the evidence presented in this case the Director has not, in fact, closed the section of the highway to the class of traffic'—local traffic—into which plaintiff’s operations fall. It may be that during the course of construction there may be times when for safety, construction or emergency reasons, plaintiff’s buses should not be allowed to use the highway. The injunction does not prevent the exercise of the Director’s discretion to close the highway in such instances.
For the reasons assigned, the judgment of the district court is affirmed. The defendant—appellant is cast for such costs of the appeal as may properly be assessed against it under applicable law.
Affirmed.