Dear Mr. Kuhn:
Our office received an opinion request from you concerning several questions regarding the Washington Parish Planning Commission. The background facts you provided are as follows: in December of 2005, the Washington Parish Council (Council) passed Ordinance 05-376, creating the Washington Parish Planning Commission.[1] In September of 2008, consistent with the requirement in La.R.S. 33:106(A)(1) for a parish planning commission to make and adopt a master plan for the physical development of the unincorporated territory of a parish, the Council adopted the "Preface and Articles 1, 2, and 3 of the Comprehensive Development Plan of Washington Parish, Louisiana" in Ordinance 08-465. Your request notes that the Home Rule Charter of Washington Parish contains an Initiative and Referendum provision, whereby electors are given the power, under certain circumstances, to propose the repeal of an ordinance and to vote on the question if the Council refuses action.
On November 10, 2008, certain electors, pursuant to the Initiative and Referendum provision of the Washington Parish Home Rule Charter, proposed the repeal of Ordinance 06-379, Ordinance 05-376 and Ordinance 08-465 to the Council. Additionally, a proposed ordinance was presented, putting forth a requirement that any future comprehensive development plans, land use plans, or zoning of unincorporated areas of Washington Parish be submitted to and approved by the electors. *Page 2 
In light of these facts, you ask us to address:
 1. Whether an ordinance creating a parish planning commission can be repealed by Article VI, Section 6-01 (the Initiative and Referendum provision) of the Washington Parish Home Rule Charter, which was adopted after the Louisiana Constitution of 1974;
 2. Whether an ordinance creating a master plan or comprehensive development plan of a parish can be repealed by the Initiative and Referendum provision of the Washington Parish Home Rule Charter;
 3. Whether the Initiative and Referendum provision of the Washington Parish Home Rule Charter may be implemented by an elector to require that before the Washington Parish City Council adopts any comprehensive development plans, land use plans, or zoning regulations, a proposition authorizing the imposing of any such plans affecting unincorporated areas be submitted to the electors of those unincorporated areas;
 4. Whether the Initiative and Referendum provision of the Washington Parish Home Rule Charter requires the person(s) circulating the petition to obtain signatures of 15% of the total registered voters of the parish or 15% of the registered voters of the unincorporated areas of the parish; and
 5. Whether or not there is a conflict of interest when an attorney represents both the Parish Council and the Parish School Board.
As an initial matter, we note that the validity of the ordinances is not challenged in this opinion request, and no facts have been provided to our office to suggest the Council failed to comply with the proper procedure for passing these ordinances. For the purposes of this opinion, we assume the ordinances in question have met the procedural requirements of La.R.S. 33:101 et seq.
The applicable law and provision of the Washington Parish Home Rule Charter are set forth below:
 Subject to uniform procedures established by law, a local governmental subdivision may (1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose; (2) create commissions and districts to implement those regulations; (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures. Existing constitutional authority for historic preservation commissions is retained.
 La.Const. Art. VI, § 17.
 Every parish and every municipality may make, adopt, amend, extend, add to, or carry out official plans as provided in this Subpart, and may *Page 3 
create by ordinance a planning commission with the powers and duties as provided by this Subpart, and may appropriate funds for the commission.
 La.R.S. 33:102.
 A parish planning commission shall make and adopt a master plan for the physical development of the unincorporated territory of a parish.
 La.R.S. 33:106(A)(1).
 The electors of Washington Parish shall have the power, except as herein restricted, to propose to the Council passage, amendment, or repeal of ordinances and to vote on the question if the Council refuses action. This power shall not extend to the proposing or repealing of ordinances making or reducing the appropriation of money, to the repeal or reduction of the levy of any taxes or to change the salaries of Parish Government officers or employees or to affect dedicated revenues or bonded indebtedness or to affect redistricting or term length. The initiative power shall be exercised in the following manner:
 1. The person or persons proposing the exercise of this power shall submit the proposal to the Council which shall specify within thirty (30) days a form of petition for circulation in one or multiple copies as the proposer may desire. The petition shall contain the full text of the proposed ordinance.
 2. Within sixty (60) days after the form of the petition shall have been specified, the person or persons circulating the petition shall obtain the signatures of at least fifteen (15) percent of the total registered voters of the Parish. . .
 [. . .]
 4. . . .No later than ten (10) days after the public hearing, the council shall determine to either:
 (a) Adopt the proposed ordinance submitted in an initiative petition, without substantive amendments, or effect the repeal referred to by such petition, or
 (b) Submit the proposal to the electors.
 Article VI, Section 6-01 of the Washington Parish Home Rule Charter, in pertinent part.
The first two questions of your opinion request ask whether citizens may utilize the Initiative and Referendum provision of the Washington Home Rule Charter to repeal the ordinances creating the planning commission and the comprehensive development *Page 4 
plan. Your third question asks whether the Initiative and Referendum provision may be implemented to propose an ordinance requiring any future comprehensive development plans, land use plans, or zoning of unincorporated areas of Washington Parish to be submitted to and approved by the electors. For the reasons provided below, it is the opinion of this office that citizens may not utilize the Initiative and Referendum provision of the Washington Parish Home Rule Charter to repeal the ordinances creating the planning commission or the comprehensive development plan. Nor may the citizens utilize this provision of the Washington Parish Home Rule Charter to propose an ordinance which requires any future comprehensive development plans, land use plans, or zoning of unincorporated areas of Washington Parish to be submitted to and approved by the electors.
As referenced, the power of the electors to repeal ordinances and to propose ordinances to the Council is provided for by the Washington Parish Home Rule Charter. The authority of a home rule charter approved after the adoption of the Louisiana Constitution of 1974 is described in La.Const. Art. VI, § 5(E), which states:
 A home rule charter adopted under this Section shall provide the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution.
[Emphasis added.]
"General law" is defined by Article VI, § 44(5) of the Louisiana Constitution as:
 a law of statewide concern enacted by the legislature which is uniformly applicable to all persons or to all political subdivisions in the state or which is uniformly applicable to all persons or to all political subdivisions within the same class.
Thus, whether or not the citizens have the option to exercise the right provided to them by the Washington Parish Home Rule Charter to repeal a particular ordinance or propose an ordinance for passage hinges on whether the repeal or proposition of such ordinances is denied by general law or inconsistent with the Louisiana Constitution.
La.Const. Art. VI, § 17 gives local government the authority to adopt regulations for land use, and create commissions to carry out those regulations. The legislature specifically allocated the power to create a planning commission to the parish or municipal authority in La.R.S.33:102, entitled "Grant of power to parishes and municipalities," which gives the parish or municipal authority the power to make or carry out official plans and create a planning commission. *Page 5 
A master plan for the physical development of the unincorporated territory of a parish is required to be made and adopted by a parishplanning commission pursuant to La.R.S. 33:106(A)(1). See also La.R.S.33:101, which declares the act of approving or disapproving a subdivision plat as a "legislative function involving the exercise of legislative discretion by the planning commission."
The constitutional provision and statutes listed above are uniformly applicable to parishes and municipalities, and thus can be characterized as "general law."
With regard to conflicts between "general law" and a home rule charter, our office has opined:
 . . . where state law prescribes the powers to be exercised by the parish and mandates the means by which they may be exercised, home rule charter or not, the parish must conform to the mandate of state law. Atty. Gen. Op. No. 90-607. The governmental action of a home rule charter community cannot be inconsistent with general state law. A general statute supersedes and preempts any inconsistent or conflicting provisions of a home rule charter.
La. Atty. Gen. Op. No. 94-354. See also West v. Allen, 382 So.2d 924
(La. 1980).
The Louisiana Revised Statutes and the Louisiana Constitution allocate the power of land regulation and the power to create a planning commission to the parish or municipality. Although the Initiative and Referendum provision of the Washington Parish Home Rule Charter permits the people to repeal an ordinance by meeting certain requirements described in the home rule charter, if the people of the parish were allowed to repeal the ordinance creating the planning commission, or the ordinance creating the master plan, this would permit power specifically delegated to the parish or municipal authority to be transferred to the people. This is inconsistent with the Louisiana Constitution and general law, and therefore it is the opinion of this office that the Initiative and Referendum provision of the Washington Parish Home Rule Charter may not be used to repeal Ordinance 05-376 and Ordinance 06-379, which created and amended the Washington Parish Planning Commission. Additionally, the electors of Washington Parish may not utilize the Initiative and Referendum provision of the Washington Parish Home Rule Charter to repeal Ordinance 08-465, which adopted the Preface and Articles 1, 2, and 3 of the Comprehensive Development Plan of Washington Parish.
It is also inconsistent with the Louisiana Constitution and general law for the Initiative and Referendum provision of the Washington Parish Home Rule Charter to be used to propose an ordinance requiring that any comprehensive development plans, land use plans, or zoning regulations be submitted to the electors of the unincorporated areas affected by such ordinances. Jurisprudence has consistently held that municipalities and their ordinances are subservient to the State Constitution and general acts of the *Page 6 
legislature. Lentini v. City of Kenner, 211 So.2d 311 (La. 1968);National Food Stores of Louisiana, Inc. v. Cefalu, 264 So.2d 289
(La.App. 1 Cir. 1972); City of Lake Charles v. Broussard, 475 So.2d 411
(La.App. 3 Cir. 1985).
Because it is the opinion of this office that the Initiative and Referendum provision of the Home Rule Charter may not be implemented in the circumstances presented, Question 4, related to whether the Initiative and Referendum provision requires the signatures of fifteen (15) percent of the total registered voters of the Parish or fifteen (15) percent of the registered voters of the unincorporated areas of the Parish, is moot.
With regard to Question 5, concerning conflict of interest, we note that the Rules of Professional Conduct address the representation of clients with competing interests at Rules 1.7 and 1.8. However, for a more direct answer as to whether or not the representation of the Parish Council and the Parish School Board presents a conflict of interest, we must direct you to the Ethics Advisory Committee of the Louisiana State Bar Association. The Ethics Advisory Committee is the appropriate body to provide advisory opinions to attorneys on issues regarding ethical conduct.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ Emalie A. Boyce Assistant Attorney General
 JDC: EAB
[1] This ordinance was subsequently amended by Ordinance 06-379 in February of 2006.