GARRISON, Judge.
This is an appeal from a judgment of the district court, dismissing plaintiffs’ suit for an injunction. From that judgment, which we affirm in part and remand in part, plaintiffs appeal.
In the instant appeal, a brief historical synopsis appears to be necessary: In 1952 plaintiff, Southern Scrap Material Company, began the long process of obtaining a waterfront site. After several skirmishes with the Board of Commissioners of the Port of New Orleans, Southern Scrap finally acquired a site in 1957. In order to obtain the site, Southern Scrap was required to give up lease rights to the Tidewater Terminal Company that Southern Scrap had purchased. Part of the consideration for the transfer was “easy ingress and egress” to the new site.
The lease of the new site was passed on June 1, 1957. As consideration, the Board obligated itself to construct and maintain a service road to plaintiffs’ business. The lease, however, proved to be ambiguous and resulted in suit between the parties. The suit was settled by the execution of a new and amended lease dated March 16, 1961, COB 688C/48, providing as follows:
“WHEREAS, the parties hereto as of March 14, 1957, entered into a certain lease whereby Lessor leased unto Lessee *517 on the terms and conditions therein set forth, two certain tracts of land on the east side of the Inner Harbor-Navigation canal north of Florida Avenue in the City of New Orleans, Louisiana, comprising approximately TWENTY AND NINE-TENTHS (20.9) ACRES, all as more fully described in said lease, for a term of ninety-nine (99) years, commencing June 1, 1957; and
“WHEREAS Lessor and Lessee have become involved in litigation concerning the interpretation of said lease in the matter entitled ‘Southern Scrap Material Company, Ltd., vs. Board of Commissioners of the Port of New Orleans’, bearing Docket No. 371-895, Division ‘H’, Docket 5, of the Civil District Court for the Parish of Orleans; and
“WHEREAS the parties hereto have agreed to compromise the above mentioned litigation, and said proposals have been submitted to, and approved by the Court;
“NOW, THEREFORE, in consideration of these premises and of the mutual agreements and promises herein contained (each agreement and promise on the part of the one being the consideration of each and every agreement and promise on the part of the other), the parties hereto have covenanted and agreed, and do hereby covenant and agree as follows, to-wit:
“Effective as of March 16, 1961 that certain lease made as of March 14, 1957, is hereby supplemented and amended, as follows:
* * * * * t
“Paragraph 24, entitled ‘Special Provisions and Conditions:’, is hereby amended by substituting therefor the following paragraph:
“24. SPECIAL PROVISIONS AND CONDITIONS:
“It will be the obligation of Lessor to maintain a shell roadway, not less than twenty (20) feet in width, extending from the paved roadway on the north side of Florida Avenue east side of Inner Harbor-Navigation Canal, thence to Lessor’s Reservation, thence connected with the herein leased premises to the eastern leased line, or Reservation of Lessor, said roadway continuing on Reservation past the northern boundary of the herein leased premises; said roadway shall be maintained by Lessor in a condition suitable for use by vehicles with rubber tires in connection with the operation of Lessee’s business, it -being the intent and purpose of this clause that, in due course, in Lessor’s discretion, said roadway shall be adequately surfaced with black top pavements and maintained by Lessor.”
Shortly thereafter Southern Scrap and Lane & Co., another tenant, undertook at joint expense the improvement of Harbor Road, pursuant to a contract between the Dock Board and tenants.
The dispute giving rise to the instant litigation arises out of a plan instituted by the Dock Board in 1976 to repair the South Bridge approach to the Florida Avenue Bridge. Under the new plan, Harbor Road would no longer provide direct access to the tenants’ property. In response thereto, the tenants filed suit, seeking to enjoin construction. They argue that the lease has been violated and that their apparent servitude (Harbor Road) has been unconstitutionally taken and expropriated without a hearing and without just compensation. They further argue that the Dock Board acted arbitrarily, unreasonably and capriciously.
On appeal, defendants argue that the suit to enjoin construction is moot because the construction is completed. While we agree that the injunction suit is indeed moot, we find, that a live controversy exists. In instances such as this, where no adequate remedy exists at law at this time, the courts of Louisiana are directed to Article 21[1] and equitable remedies. See: Porterfield v. Spurgeon, 379 So.2d 56 (La.App. 3rd Cir. *518 1980); Morehead v. Smith, 225 So.2d 729 (La.App. 2nd Cir. 1969); West v. Town of Winnsboro, 252 La. 605, 211 So.2d 665 (1968); Chaney v. Travelers Insurance Co., 238 So.2d 847 (La.App. 1st Cir. 1970).
Plaintiffs argue that under C.C. art. 21 their case should be remanded to the trial court:
“While it may not be practical for this Court to order that the Bridge work be enjoined since such order may be ‘moot,’ it may and should however order that the case be remanded for defendants to go forward with their burden to show why the following equitable result should not be maintained:
“It is respectfully submitted that this Honorable Court should maintain the servitude of passage granted by covenant and by operation of law from the Dock Board to Plaintiffs-Appellants on Harbor Road. Traffic should continue to move on Harbor Road and Harbor Road should continue to be used in the same manner by Plaintiffs-Appellants as was originally contemplated and as was provided in Lease documents and as historically was effected prior to Project No. 714-22-91, which is the subject of litigation.
“The Court may further order that in the event of threat of hurricane, the Bridge, its approaches and ways leading thereto are to be used for the purposes of hurricane evacuation.”
(Plaintiffs-appellants’ Supplemental Brief, p. 4)
Although the injunction question is moot, plaintiffs claim the character of the road has been changed to their detriment contrary to the original agreement. The completion of the road has only mooted the injunction issue. Whether the character of the roadway has been changed, whether accomodation can be made for the new roadway to allow access and egress as originally intended or whether plaintiffs are entitled to damages, are questions which remain open and viable. Accordingly, we remand this case to the trial court for consideration of the above stated questions.
With regard to the injunction issue, the disposition of the trial court is affirmed on grounds of mootness and the case is remanded for further proceedings not inconsistent with this opinion.
AFFIRMED IN PART AND REMANDED IN PART.

. C.C. art. 21 reads as follows: “In all civil matters, where there is no express law, the judge is bound to proceed and decide according to equity. To decide equitably, an appeal is to be made to natural law and reason, or received usages, where positive law is silent.”