| T SUSAN CHEHARDY Judge, Pro Tem.
Appellant, Hugues J. de la Vergne, II, (“Hugues”), appeals the District Court ruling that the statutory exemption from seizure of wage earnings was inapplicable to protect passive rental income. Hugues contends that the trial court erred on three counts: (1) by allowing plaintiff to garnish the entirety of the rents from the Fernwood complex, (2) by finding that proper service of the garnishment papers for the first month’s rent continued for future rents due, and (3) by refusing to award defendant damages for wrongful seizure. For the following reasons, we affirm.
This dispute centers around the garnishment by plaintiff, Louis V. de la Vergne, *33 (“Louis”), of rental income of two apartment complexes owned by Hugues, the Brynmar complex and the Fernwood complex. In a previous action Louis was found to be a judgment creditor of Hugues, delaVergne v. delaVergne, 514 So.2d 186 (La.App. 4th Cir.1987), writ denied, 519 So.2d 118 (La.1988), and began to execute on his judgment. Hu-gues then filed proceedings in the United States Bankruptcy Court for the Eastern District of Louisiana. The Bankruptcy Court declared Louis’ judgment “nondis-chargeable”. Thereafter, Louis garnished the individual rents of tenants in the two apartment complexes. The parties settled the question of the Brynmar complex. The only matters before the court concern the Fernwood complex.
Louis effected service of garnishment papers on 21 of the 32 units of Fernwood. The j2papers ordered the tenants to pay their rents directly to the Sheriff which were then to be paid over to Louis. Hugues contends that said rental payment constitute earnings which are 75% exempt from seizure pursuant to LSA-R.S. 13:3881. The Court finds this argument to be without merit.
LSA-R.S. 13:3881(A)(l)(a) makes exempt from seizure “75% of his disposable earnings for that week.” LSA-R.S. 13:3881(A)(l)(b) defines disposable earnings as “that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld and which amounts are reasonable and are being deducted in the usual course of providing benefits for retirement, medical insurance coverage, life insurance coverage and which amounts are legally due or owed to the employer in the usual course of business at the time the garnishment is served.”
Hugues claims that the Fernwood complex generates approximately $15,000.00 in revenue monthly. Of this, 90% goes to pay the debts of the complex as they come due. He alleges that the net of $1,500.00 is his only income and therefore, only 25% of it.is gar-nishable. The Court rejects the notion that this is the equivalent of Hugues’ weekly earnipgs as his sole income. The record is void of any proof of such allegation other than Hugues’ claim for this to be so. The Court finds that this is a factual determination by the trier of fact not to be disturbed absent manifest error. As such, the Court finds LSA-R.S. 13:3881 to be inapplicable in the instant case. Thus, the entire amount is accessible to Louis through garnishment.
The Court also rejects Hugues’ argument that equity demand reduction of the garnishment. The Court recognizes that there is ample case law to support the application of equity. “In all civil matters, where there is no express law, the judge is bound to decide according to equity.” Southern Scrap Material Co. v. State, 413 So.2d 516, 517 (La.App. 4th Cir.1982), writ denied, 420 So.2d 172 (La.1982). However, the Court does not find this to be a situation where equity would warrant a reduction in the garnishment amount.
Appellant’s second assignment of error is that the trial court erred in its determination that proper service of the garnishment papers for the first month’s rent continued for future rents due. Clearly, Louisiana Code of Civil Procedure Article 2411 specifically authorizes garnishment of debts owed by third parties “even though the debt may not be due.” Whether the tenants are on term leases or month-to-month leases is of no moment. Absent notice of any intent to break their |3leases, rent is due monthly on the premises. Based upon the record before us, the Court finds no evidence of any contingent rents. Thus, service is proper for future months’ rent.
Appellant’s final assignment of error goes to the issue of damages for wrongful seizure. Hugues contends that the trial court erred in denying his demand for damages for plaintiffs wrongful seizure. As this Court has determined that the court did not err in its judgment, there is no wrongful seizure. As such, no damages are due.
None of the appellant’s assignments have merit. Accordingly, we affirm the District Court’s judgment. Costs of this appeal to be borne by appellant.

AFFIRMED.