LANDRY, Judge.
Plaintiff (Appellant) appeals from judgment of the trial court affirming a ruling of the Houma Municipal Fire and Police Civil Service Board (Board), which sustained action by the City of Houma (Appointing Authority), demoting Appellant from the alleged position of Probational District Fire Chief to Appellant’s acknowledged classified position of Permanent Captain, Houma Fire Department, in the civil service of the City of Houma. We affirm.
Appellant basically contends he was appointed Probational District Fire Chief to fill a vacancy existing in that classification, and that he was later removed and demoted therefrom without proper notice or good cause. Appellant also maintains he was replaced in said probational position by one not properly qualified pursuant to the provisions of LSA-R.S. 33:2471-2508, inclusive, the Civil Service Law for Municipalities Between 13,000 and 250,000 (Civil Service Law).
In September, 1970, Homer Bland, Chief, Houma Fire Department, was discharged from that position by Appointing Authority. Chief Bland appealed his dismissal to the Board, which after a hearing, confirmed Bland’s discharge. Thereafter Bland appealed to the courts, which appeal was ultimately heard by this tribunal. On June 26, 1972, we affirmed Bland’s removal as Chief. See Bland v. City of Houma, La.App., 264 So.2d 729, writs refused, 1972, 263 La. 1, 266 So.2d 713.
Following Bland’s discharge in September, 1970, Appointing Authority named Bennie Bourg, then classified as Permanent District Fire Chief, as Acting Chief to serve as such until the matter of Bland’s discharge was finally resolved. From September, 1970, Bourg served as Acting Chief and also continued his duties as District Chief. However, the dual role proved to be more onerous than Bourg could endure, and in December, 1971, Bourg threatened to resign as Acting Chief and resume his position as District Chief, but he did not do so. Instead, in April, 1972, Bourg “appointed” Appellant, who then held the rank of Permanent Captain, as Probational District Chief to relieve Bourg of the duties of District Chief. It is conceded that from April, 1972, until January 7, 1973, Appellant served as District Chief; that he received the salary for that position, and *684 that Appellant capably and efficiently discharged the duties incumbent upon a District Chief.
On three occasions while Appellant served as District Chief, Bourg executed personnel change of status forms indicating Appellant’s classification as Probational District Chief. The first was dated April 10, 1972, effective April 3, 1972; the second was dated May 5, 1972, effective April 1, 1972; and the third was dated July 25, 1972, effective April 1, 1972. These forms were submitted to Peter Hamilton, the Board’s Chairman, who approved the April 10, 1972 and July 25, 1972 submissions by Bourg.
On May 8, 1969, February 2, 1971, and October 12, 1972, examinations were given by the Board for the positions of District Fire Chief. In each instance, Appellant attained the highest score of those examined. Emery Dufrene, Permanent Captain, who took the examination only on October 12, 1972, made a grade of 77 thereon while Appellant earned a score of 89.
Bland’s dismissal became final September 29, 1972, when writs were refused by the Supreme Court on Bland’s application for review of the decision of this court. On December 18, 1972, the Board’s Secretary wrote Bourg suggesting that Appellant be returned to the position of Captain, and, thereafter, on January 7, 1973, Appointing Authority relieved Appellant of his duties as District Chief and returned Appellant to the position of Permanent Captain. At this time Appointing Authority appoint Bourg to the classification of Chief to fill the vacancy created by Bland’s final discharge. Simultaneously, Appointing Authority appointed Emery Dufrene District Chief to occupy the void resulting from Bourg’s promotion to Chief.
In essence Appellant contends he was appointed Probational District Chief by Bourg’s action which was confirmed by Hamilton on two occasions. He so argues on the ground that he filled the office with the knowledge and consent of Appointing Authority' and ably discharged the duties incumbent upon him in said capacity. Appellant argues that he was therefore given a probational appointment as District Chief and could not be removed therefrom without notice and for cause as provided by the Civil Service Law. Appellant maintains he was not so removed. Additionally, Appellant contends that at the time of his alleged probational appointment, he headed both the competitive and promotional lists from which the position of District Chief had to be filled, and that he was the only person eligible for the promotion at the time he was so designated.
Appointing Authority maintains that Appellant was never appointed Probational District Chief pursuant to civil service regulations. In this regard, Appointing Authority notes that neither Bourg as Acting Chief, nor Hamilton as Secretary, nor the Board itself have authority to name employees to civil service positions. The position of Appointing Authority is well taken in this respect considering that the Civil Service Law gives Appointing Authority the sole and exclusive right, power and authority to make appointments to the classified service of the City of Houma. Finally, Appointing Authority urges that when the appointment was made to fill the vacancy in the position of District Chief created by Bourg’s promotion to Chief, Du-frene’s elevation to District Chief was accomplished in strict compliance with the Civil Service Law in that Dufrene was then on the promotional list from which the appointment had to be made.
It is conceded that vacancies must be filled in accordance with La.Const.1921, Article 14, Section 15.1 and LA-R.S.-33:2487, which provides as follows:
“Vacancies in positions in the classified service shall be filled by one of the following methods:
(1) Demotion
(2) Transfer
*685 (3) Reinstatement
(4) Promotional appointment
(5) Competitive appointment
(6) Reemployment
(7) Temporary appointment
A vacancy shall be considered filled under any of the methods specified above, and employment thereunder effective, as of the date on which the employee enters upon the duties thereof.”
All parties acknowledge that in this instance it was not possible for the vacancy in question to be filled by either demotion, transfer or reinstatement. It is also admitted that the vacancy had to be filled first from the promotional list and next from the competitive list. Appellant contends that in either event he was required to be appointed because at the time of his alleged appointment in April, 1972, Appellant was first on both lists. Appointing Authority maintains that no appointment was made in April, 1972, because none was possible at that time, and that when the vacancy was filled in January, 1973, Dufrene was then on the promotional list and under civil service rules, Dufrene being senior employee on the list in time of service was entitled to the promotion notwithstanding Appellant’s higher score on the promotional list examination.
LA-R.S. 33 :2494 provides that whenever an Appointing Authority desires to fill a vacancy, except by demotion, transfer, emergency appointment or substitute appointment of not more than thirty day.s duration, it shall request the Board to certify names of eligibles from which the appointment must be made. The section next establishes guidelines pursuant to which the Appointing Authority makes its selection first from the reinstatement list if possible and if not the vacancy must be filled by appointment of the senior employee on the promotional list. This section contemplates appointments in which the employee gains permanent status apparently after serving a probationary period therein.
Temporary appointments to civil service positions, in which the appointee acquires no permanent status, are provided for by LA-R.S. 33:2496. This statute establishes three basic types of temporary appointments, namely, provisional, substitute and emergency appointments. Provisional appointments are defined as those made to fill vacancies in instances where the board is unable to certify to the Appointing Authority the names of persons eligible for regular and permanent or substitute appointment. Substitute appointments are prescribed for in Paragraph B, Section 2496, as follows:
“B. A substitute appointment may be made to any position in the classified service (1) from which the regular and permanent employee is away on an authorized leave of absence, or (2) from which the regular employee is substituting for some other regular employee who is authorized to be away from his respective position. No position shall be filled by a substitute appointee for a time beyond that for which the regular and permanent incumbent is away on an authorized leave. Whenever such appointment shall continue for not more than thirty days, the appointing authority may appoint thereto any one whom he deems qualified. Substitute appointments made for a period exceeding thirty days shall be made in the same manner as provided in R.S. 33:2494 for the filling of a vacancy by a regular and permanent appointment. Any person employed on a substitute basis shall, for the duration of the temporary employment, enjoy the class title and be entitled and receive the rate of pay for the class and position in which he is employed. The appointing authority shall notify the board within fifteen days following any substitute appointment made for a period to exceed thirty days, the name of *686 the appointee, the class of position filled, the period for which the appointment was made and attach to the notification a signed copy of the leave of absence granted the employee for whom the appointee is substituting.”
Emergency appointments, governed by Section 2496 C, may be made at any time the needs of the service require due to local emergency of a temporary and special nature, but may not exceed ten days.
We conclude that Appellant was never appointed to the position of Probational District Chief in the manner required by the Civil Service Law. Appointing authority is defined by Section 2473 as any official, officer, board, commission, council or person having the power to make appointments to positions in the municipal fire and police services. In this instance such authority rests exclusively in the governing authority of the City of Houma, namely, the Mayor and Board of Aldermen of that municipality. The Board is not an appointing authority, it has no power or authority to hire, engage or employ persons in the classified service of the City of Houma. LA-R.S. 33 :2476 provides for the Board’s composition of five members, appointed by the governing authority of the City of Houma, according to a prescribed format. The duties of the Board, as statutorily defined, are to assist the municipality in administering the Civil Service Law, advise and assist classified employees, hear and pass on complaints of alleged violations of civil service rules by either employees, public officials or others charged with the obligation of administering the Civil Service Law, conduct investigations of alleged civil service violations, adopt and maintain a classification plan and make rules necessary to carry out the purposes and intents of the Civil Service Law.
As acting Chief, or in any other capacity whatsoever, Bourg had no authority to appoint Appellant to any position temporary or permanent. As such, Bourg could at most recommend appointments to Appointing Authority.
At this juncture we note that the scope of an appeal under the Civil Service Law is limited by LA-R.S. 33:2501 which, after providing for appeal to the Board from the action of an appointing authority, pertinently states:
“This hearing shall be confined to the determination of whether the decision made by the board was in good faith for cause under the provisions of this Part. No appeal to the court shall be taken except upon these grounds.”
Under the circumstances of this case, Appellant’s alleged appointment does not fall precisely within any form of appointment authorized by the Civil Service Law. In this regard, the Civil Service Law appears to lea-ve a hiatus which addresses itself to the attention of the legislature. Appellant’s appointment was neither a provisional nor emergency appointment as defined in Section 2496, above. Also, it was not a substitute appointment as provided by Section 2496, because it was not intended to replace an employee away on leave Of absence or some other form of authorized leave. We find, however, that the appointment in question more nearly approaches a substitute appointment than other form of appointment provided for by the Civil Service Law.
Assuming, arguendo the appointment was a substitute appointment, under either Section 2496 (B), which authorizes a substitute appointment for less than thirty days, or Section 2494, which controls such an appointment of more than thirty days duration, appointment must be made by the appointing authority from a list of eligibles submitted to the appointing authority by the Board. This statutory requirement was not followed in this instance. Moreover, such an appointment, if valid, carried no permanent status as provided in Section 2496. It follows that Bourg’s “appoint *687 ment” was of no legal efficacy notwithstanding its “approval” by the Board’s Secretary.
We hold, as impliedly found by the Board in rejecting Appellant’s appeal, that the action of Appointing Authority in removing Appellant from the position of District Chief, was accomplished in good faith and for cause under the provisions of the Civil Service Law. In this instance Appointing Authority was faced with a dilemma which apparently could not be solved by a literal application of the Civil Service Law. Bland’s removal as Chief was subject to the possibility of reversal and Bland’s reinstatement to his former position. Meanwhile, in Bland’s absence, it was imperative that the municipal fire department be adequately and properly staffed so that the efficiency of its operation would not be impaired. Bourg, as Acting Chief, filled the vacancy in the position of District Chief, which action was tacitly approved by the Appointing Authority as a temporary solution to the situation in which Appointing Authority found itself. For cause, namely, the possibility of Bland’s return, the Appointing Authority saw fit not to formally appoint Appellant as District Chief. Under the circumstances, we cannot say that the Appointing Authority so acted in bad faith and without good cause. On the contrary, we view the decision as practical and in keeping with the spirit of the Civil Service Law.
We find no merit in Appellant’s contention that he attained probational status by virtue of Section 2487, above, which provides that a vacancy is considered filled under any method of appointment provided therein, effective as of the date the employee enters upon the duties of the position involved. This provision must be viewed in conjunction with those provisions of the Civil Service Law governing appointments to classified positions. Section 2487, above, can only apply when an employee enters upon performance of duties of a position pursuant to proper appointment thereto. Any other interpretation of Section 2487, above, would sanction evasion of the unambiguous provisions of the Civil Service Law which require formal appointment by duly constituted appointing authority. It appears the provisions of Section 2487, above, are intended primarily for the purpose of determining seniority, pay and such related matters resulting from a proper appointment.
The judgment of the trial court is affirmed; all costs of these proceedings to be paid by Appellant.
Affirmed.