464 So.2d 866 (1985)
NEW ORLEANS PUBLIC SERVICE, INC.
v.
Rico MASARACCHIA, Administrator, Department of Employment Security and Kevin Herring.
No. CA 1899.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
*867 G. Phillip Shuler, III, Dona J. Dew, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for appellant.
Before REDMANN, C.J., and GARRISON and KLEES, JJ.
REDMANN, Chief Judge.
At issue in this appeal is the effect to be given, at an administrative appeal from a claimant's disqualification for unemployment compensation for misconduct connected with his employment, La.R.S. 23:1601(2), to testimony of the declaration of a co-employee that they smoked marijuana on the job together, and to a medical laboratory report of positive results in a test of claimant's urine for marijuana.
The employer appeals from a trial court's affirmation of an award of benefits. This appeal cannot seek termination of the employee's benefits, because all have long ago been paid. (Nor could the fund seek their recoupment, because they are not recoverable, R.S. 23:1635 B, prior to amendment by Acts 1983, 1st Ex.Sess., No. 2.) The employer seeks only to avoid being charged for those benefits in its experience-rated contributions to the unemployment compensation fund, R.S. 23:1531 et seq.
We conclude that the evidence in this case was admissible and that its probative value, considered as a whole, disqualified the claimant. We therefore reverse.
These proceedings begin with a claim for unemployment compensation by a van driver fired for smoking marijuana on the job. A hearing examiner, on the basis of the written claim and response, found the claimant disqualified for benefits "because of using intoxicants while on duty." The claimant appealed. The evidence presented to the appeals referee consisted exclusively of the testimony of claimant's supervisor and the medical test results, plus the testimony of claimant.
The supervisor testified that claimant was one of two employees reported to him by other employees to have left the employer's main building together early one afternoon to smoke marijuana in the employer's van that claimant drove in his employment as a company mail deliverer. The supervisor went to look for those two employees in the company parking lot two blocks from the building. He saw the two employees driving in the van, and saw claimant stop to let the other employee out of the van at the main building. He returned to that building and questioned that other employee, who stated that he and claimant indeed "had been out to smoke marijuana." That employee was fired. The supervisor traced claimant to another company building, went there and confronted him with the accusations against him. Claimant denied smoking marijuana on the job. Rather than simply fire him because of the first employee's statement (although unusually reliable because against that employee's own interest, see Campbell v. American Home Assur. Co., 260 La. 1047, 258 So.2d 81 (1972); Unif.Rules of Evid. § 804(b)(3)), the employer caused the claimant to submit a urine specimen for testing for the presence of marijuana, and did not allow him to drive the employer's van while awaiting the test result. The test result was positive for marijuana and therefore corroborative of the other employee's declaration that the claimant was smoking marijuana on the job, in the sense of being consistent with that statement rather than contradictory of it as a negative result would be. Upon *868 receiving that positive test result, the employer fired plaintiff. (The claimant testified that he had not smoked marijuana on the job, but had smoked marijuana at 1 a.m. the day he was fired, and argued that that explains the positive test result.)
The appeals referee reversed the hearing examiner's disqualification of claimant, but he did not do so on the basis that he believed claimant's testimony that he did not smoke marijuana on the job. He did so because "the employer did not present evidence to show that the claimant was intoxicated on the job or that he was unable to perform his work in a proper or safe manner." We preliminarily rule that it was error for the referee to require proof of intoxication or inability to work. Merely smoking marijuana, or drinking alcohol or taking any other "recreational" drug that may impair one's driving, while one is supposed to be working as a driver, is misconduct connected with the employment. The supervisor's inexact answer, "under influence of [marijuana] during working hours," in response to "reason for separation" on an administrative agency form several days after the firing, does not, in our circumstances, oblige the employer to prove that the driver was not only smoking but "under the influence" of marijuana. Reasonable opportunity for a fair hearing, R.S. 23:1629, requires only reasonable notice of the alleged misconduct. Our claimant, like the claimant in Goff v. Administrator of Division of Employment Security, 157 So.2d 268, 271 (La.App. 3 Cir.1963), "had ample notice of the charge of misconduct and ... was not misled or deprived of an opportunity to prepare for the hearing." That claimant had notice is evident in his own testimony of what occurred when he was fired, his own application for unemployment compensation, the original agency determination, and the official notice of the issue on appeal, every one of which show that he was fired for smoking marijuana on the job.
A divided board of review recognized that the question was whether the claimant had smoked marijuana on the job, but affirmed the appeals referee on the ground that
"the employer representative at the hearing had no firsthand knowledge that the claimant did in fact smoke marijuana while on duty. The employer was informed by another worker that the claimant had smoked marijuana with him. The courts have held that mere allegations of misconduct are not sufficient to sustain such a charge. While such allegations may be evidence, this is not proof. The burden of proof that misconduct was present rests with the employer. Due to the fact that no firsthand evidence was submitted to substantiate the fact that the claimant was smoking marijuana on the job ... the majority of the Board concludes that the claimant is not guilty of misconduct within the meaning of the Act."
The trial court affirmed, as noted at the outset, reasoning that the supervisor's testimony of the co-employee's declaration was "inadmissible hearsay."
We reverse. The evidence was not inadmissible, and the fact that most was not "firsthand" does not deprive it of probative value when considered as a whole.
R.S. 23:1631 declares that hearings and appeals in unemployment compensation claims need not "conform to the usual rules of evidence." Courts have therefore held hearsay admissible, as in Gardere v. Brown, 170 So.2d 758 (La.App. 1 Cir.1964), although they often rule it insufficient as proof, as in Gardere and Jefferson Parish H.U. v. State Ofc. of Emp. Sec., 458 So.2d 144 (La.App. 1 Cir.1984).
Furthermore, it must be noted that the co-employee's statement that he and claimant smoked marijuana on the job together has greater reliability than ordinary hearsay; even in court trials, testimony of a statement against interest by an unavailable declarant is not excludible as hearsay, Campbell v. American Home Assur. Co., 260 La. 1047, 258 So.2d 81 (1972). It is a reasonable inference that the fired co-employee was, more probably than not, not *869 available to the employer. We recognize that a statement against interest has intrinsically more reliability against the declarant than against a third person. It was not hearsay, however, on the part of the supervisor that put claimant in the van with the declarant, but eyewitness testimonyindeed claimant himself testified they were in the van together but denied the marijuana smoking.
The question remains whether the evidence, once admitted, constitutes proof. One answer to that question is provided by the administrative procedure act, in the evidentiary rule of R.S. 49:956(1). The administrative procedure act is not applicable to the office of employment security, R.S. 49:967, but R.S. 49:956(1) is nevertheless of assistance by analogy, as a law in pari materia, La.C.C. 17, in the construction of R.S. 23:1631.
R.S. 49:956(1) provides: "In adjudication proceedings: (1) Agencies may admit and give probative effect to evidence which possesses probative value commonly accepted by reasonably prudent men in the conduct of their affairs."
Reasonably prudent employers, notified by a credible supervisor of all the circumstances recited by the supervisor at the administrative hearing, especially the statement by the other employee that he and the driver had just been smoking marijuana on the job in the van where the supervisor had seen both employees, would not allow the driver to continue work as an automotive vehicle driver without further investigation. Then, when further investigation by urinalysis showed affirmatively the use of marijuana (even if not necessarily its time), reasonably prudent employers would not continue to employ this claimant as a driver. Reasonably prudent employersconsiderate of the public safety and of their own responsibility for damage done by their driverswould use all that evidence to conclude that, more probably than not, this claimant was smoking marijuana on his job as a van driver and for that reason would fire this claimant.
In an administrative adjudication governed by the administrative procedure act, therefore, an adjudication officer who believed the testimony of the supervisor here would uphold this firing as for misconduct.
We know of no reason for any different result under R.S. 23:1631's rule excepting unemployment compensation proceedings from the usual rules of evidence. R.S. 23:1631 does not mean that, in unemployment compensation proceedings, evidence not technically admissible in courts can be admitted but cannot be given any probative value. We point out again that the appeals referee did not assert that marijuana smoking had not been proved, but that intoxication or inability to work had not been proved; and the board of review and the trial court merely rejected the evidence as not firsthand and as hearsayall errors of law.
Reversed; disqualification for misconduct connected with employment reinstated.