HALL, Chief Judge.
In this declaratory judgment action and appeal from a decision of the Shreveport Municipal Fire and Police Civil Service Board, the plaintiff police officer appeals from a judgment of the district court rejecting his demands for declaratory relief and to be promoted to police lieutenant effective retroactively. For the reasons expressed in this opinion, we affirm the judgment of the district court.
The background facts were developed at a Municipal Fire and Police Civil Service Board hearing. In 1984 and 1985 at the times pertinent to this litigation plaintiff John C. Snell was a sergeant in the Shreveport Police Department. L.D. Bamburg, a police lieutenant, retired from the department on July 7,1984 after being advised by the city pension administrator that he was eligible for retirement, having served eighteen and one-half years in the police department and one and one-half years in the water department. The city was subsequently advised by the state retirement system office that under state law Bam-burg was not eligible to retire because he had not served twenty years in the police department. After considerable discussion about what to do in this situation where the officer obviously would not have left his position without eligibility for retirement benefits, the city appointing authority, with approval of the chairman of the Municipal Fire and Police Civil Service Board, on March 4, 1985 returned Bamburg to a position as a police lieutenant. The position was an “over-strength” position, that is, was in addition to the required minimum number of police lieutenant positions established in the classified system. Bamburg was later promoted to captain on January 21, 1986. At the time Bamburg returned to service, plaintiff was 34th on the promotional employment list for police lieutenant.
On April 21,1986, more than a year after Bamburg was returned to service, plaintiff filed suit against the City of Shreveport, the Municipal Fire and Police Civil Service Board and the Chief of Police, alleging that the reemployment of Bamburg violated LSA-R.S. 33:2490(D)[1] in that the appoint- *700 merit to the position was not first offered to the persons on the promotional employment list for lieutenant, and that plaintiff would have accepted promotion to lieutenant had it been offered to him. At the time suit was filed plaintiff had risen to first on the promotional list, which was scheduled to expire in the month suit was filed. Plaintiff prayed for a declaration of his rights and that the defendants be ordered to promote him to lieutenant, effective March 4, 1985, and alternatively, that he remain first on any future promotional list.
By agreement of all parties this suit was delayed pending a hearing on the matter by the Municipal Fire and Police Civil Service Board, which hearing was held on May 1, 1986. After the hearing, the Board ruled that the appointing authority’s action was proper under the circumstances and denied plaintiffs request for retroactive promotion to the rank of lieutenant.
Plaintiff then filed an amended petition in the district court, appealing from the Board’s decision. In addition to the relief originally prayed for, plaintiff alternatively prayed for promotion to police lieutenant as of the date Bamburg was promoted to captain. After responsive pleadings were filed the matter was submitted to the district court on the record as made up at the Civil Service Board hearing. While the matter was pending plaintiff apparently was promoted to lieutenant and Bamburg retired.
The trial court ruled that since plaintiff had been promoted to lieutenant the issue of his promotion, per se, was moot. As to whether the promotion should have been made retroactive, the court held that plaintiff had failed to show he would have been promoted except for the defendants’ actions and that there was no showing that the thirty-three men on the promotional list ahead of him would have refused a promotion, thereby allowing plaintiff to be promoted. Thus, plaintiff failed to show that he was aggrieved and damaged by the defendants’ actions, making it unnecessary to examine the legality of those actions.
On appeal, plaintiff contends that the trial court erred in not declaring that the defendants’ actions were contrary to law. Plaintiff argues that this court should make that declaration and remand the case to the district court for a determination of his damages.
The situation concerning Lieutenant Bamburg’s retirement was brought on by an erroneous administrative determination that he was eligible to retire with benefits under the state retirement law. Obviously, Bamburg would not have retired or been retired except for the erroneous interpretation of the law by the city administrative official. When the parties learned of the error, they were faced with a difficult situation which needed correcting and which was not specifically covered by the Municipal Fire and Police Civil Service Law. Bamburg did not “resign” his position and under the circumstances of his ineffective “retirement”, the provisions of LSA-R.S. 33:2490(D) were not applicable. In this situation not covered by the statute, the appointing authority found a practical, reasonable solution in keeping with the spirit of and not in violation of the statute. See and compare Babin v. Houma Municipal Fire and Police Civil Service Board, 327 So.2d 682 (La.App. 1st Cir.1976) in which the court upheld action by the appointing authority as being in good faith and for cause and “as practical and in keeping with the spirit of the Civil Service Law” where the appointing authority “was faced with a dilemma which apparently could not be resolved by a literal application of the Civil Service Law”.
The action of the defendants caused no harm to the plaintiff, nor any prejudice to his promotional rights. The problem of Bamburg’s status was corrected without adverse effect on plaintiff or any other member of the service. Bamburg was returned to an “over-strength” extra position *701 over and above the regular, required minimum number of positions, allowing promotions to the rank of lieutenant to take place in the ordinary course of events. At the time the action was taken, plaintiff was far down the promotional employment list and would not conceivably have been promoted during the pertinent period of time if Bamburg had not returned to service or if the position had been offered to those on the promotional employment list pursuant to LSA-R.S. 33:2490(D). Plaintiff is not entitled to the relief he seeks, retroactive promotion, and his demands were correctly rejected. The judgment of the district court is affirmed at plaintiff-appellant’s cost.
Affirmed.

. LSA-R.S. 33:2490(D) provides:
"Any regular employee who resigns from a position in the classified service may, with the prior approval of the board, be reemployed in a position of the class or in a position of any lower class for which he is qualified, provided, that the reemployment is made within four years of the date of resignation, and that no person whose name appears upon either the reinstatement, employment, or reemployment list for a class to which any such person is reemployed is willing to accept an appoint *700 ment therein. Any person who is reemployed shall be physically fit to perform the duties of the position to which he is appointed. He shall furnish a favorable medical certificate to the appointing authority and the board after a recent examination by a practicing physician." (Later amended by Act 540 of 1985 to substitute "promotional employment" for “employment" in the first sentence.)