SEXTON, Judge,
dissenting.
I respectfully dissent. First of all, I am convinced the majority has erroneously determined the fact that Mr. Delaney did not testify that plaintiff admitted his drug use to him.
At page 16 of the transcript of the appeals hearing of June 26, 1986, the following testimony of Mr. Delaney is found:
I just want to say, again, that — that in the meeting, the day — the day on — the day we terminated these people — we did have the narcotics people — the informer wasn’t there, but the detectives were there. And that’s — I believe in that meeting, I want to state again that Ted did admit in that meeting — in that meeting, that he had been using narcotics. And of course, he’s saying he didn’t, but I — I distinctly remember that. [emphasis ours]
I believe there can be little doubt that the clear import of Mr. Delaney’s testimony is that the claimant conceded to him on the day the claimant resigned that he had been using drugs since the December incident, as the agent had reported. As the majority opinion points out, although such evidence is hearsay, it is competent evidence in any trial and is not the sort of generally inadmissible hearsay which our law allows only in administrative proceedings. Wilkerson v. State, Office of Employment Security, 439 So.2d 506 (La.App. 1st Cir.1983); Hall v. Doyal, 191 So.2d 349 (La.App. 3rd Cir.1966).
*730 The more difficult question posed by this case is whether we should follow Southeastern Louisiana University v. Shelton, 431 So.2d 432 (La.App. 1st Cir.1983), which, while recognizing the distinction between competent and incompetent hearsay, held that the claimant’s confession could not form the corpus delicti, as it were, in an administrative hearing. Shelton, decided by a divided panel, relied on a criminal case, State v. Willie, 410 So.2d 1019 (La.1982), cert. denied, 465 U.S. 1051, 104 S.Ct. 1327, 79 L.Ed.2d 723 (1984), for its holding. Moreover, Shelton overlooked the proposition that evidentiary standards are significantly relaxed in administrative hearings. See generally Germany v. State, Department of Health & Human Resources, 493 So.2d 800 (La.App. 2d Cir.1986), writ denied, 496 So.2d 352 (La.1986), and New Orleans Public Service, Inc. v. Masaracchia, 464 So.2d 866 (La.App. 4th Cir.1985).
Thus, I would disregard the Shelton decision and follow New Orleans Public Service v. Masaracchia, supra, which disqualified the claimant under facts similar to those in the instant case. In Masaracchia, the supervisor testified that, acting on a tip, he observed the claimant and a co-employee in suspicious circumstances. He testified the co-employee admitted that he and the claimant had just used marijuana on the job. The supervisor then required that the claimant submit to a urine test which returned positive. The claimant testified at his hearing that he did not smoke marijuana on the job but said he had smoked marijuana at 1:00 a.m. on the day of the incident. The the co-employee did not testify.
In the instant case, the claimant admitted his use of drugs on the job several months prior to the incident in question and conceded that he had been warned about future use. His supervisor testified that an undercover agent placed in the plant told him that the claimant was later seen to use drugs on the job at a specific time. Furthermore, the supervisor testified that when confronted on the day he resigned, the claimant admitted to him that he had used drugs on the job as reported by the agent. It should be emphasized that the appeals referee obviously accepted the testimony of the supervisor concerning the claimant's admission over the claimant’s denial that he made the omission to the referee. I would affirm on these facts, believing they provide sufficient legal evidence to sustain the decision below.