661 So.2d 520 (1995)
James R. LALENA, Plaintiff-Appellee,
v.
MUNICIPAL FIRE AND POLICE CIVIL SERVICE BOARD and City of Shreveport, Defendants-Appellants.
No. 27,244-CA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1995.
Order Clarifying Opinion October 23, 1995.
*521 Wiener, Weiss, Madison & Howell by Susie Morgan, Shreveport, for Appellant.
Tyler & Johnson by Tommy J. Johnson, Shreveport, for Appellee.
Before SEXTON, NORRIS and WILLIAMS, JJ.
SEXTON, Judge.
This is an appeal by the Municipal Fire and Police Civil Service Board for the city of Shreveport ("Board") complaining that the district court erred when it issued a preliminary injunction enjoining the Board from re-opening for hearing the matter of the reinstatement of James R. Lalena into the Shreveport Fire Department. For the reasons discussed in this opinion, the judgment of the trial court is affirmed.
Subsequent to the Board's appeal, Lalena filed a supplemental brief and attached thereto a copy of a Petition filed in district court by members of the fire department against the city of Shreveport and the Board regarding the Lalena reinstatement. The Board moved to strike the attachment as not constituting part of the record on appeal.
Under LSA-C.C.P. Art. 2164, an appellate court must render its judgment based upon the record on appeal. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Guedry v. Fromenthal, 633 So.2d 287 (La.App. 1st Cir.1993). Moreover, in Louisiana Business College v. Crump, 474 *522 So.2d 1366, 1369 (La.App. 2d Cir.1985), this court stated:
There is no provision in the law for this court to take judicial notice of the suit record from another court.... Counsel for appellant did attach to her brief a copy of the petition in the previous suit on open account. However, an attachment to the appellate brief does not constitute part of the record on appeal. (Citations omitted.)
The attachment in question is not part of the record on appeal. Accordingly, the board's motion to strike the attachment to Lalena's supplemental brief is granted.
We now turn to Board's appeal.
James R. Lalena was injured in an off-duty automobile accident on July 16, 1991. As a result of injuries from the accident, Lalena was rendered physically unable to continue his duties as a fireman and was told by the department that he could not return to work. He was further advised by the fire department to take a regular retirement in lieu of a disability retirement because of increased benefits. After Lalena retired, the fire department physician stated during a deposition (apparently in a suit by Lalena against the alleged tortfeasor) that Lalena could be physically rehabilitated to return to the fire line. Lalena had never previously been told by the fire department physician that he could be physically rehabilitated to return to work, and he alleged in his petition that he never would have retired had he known that rehabilitation was possible.
Lalena subsequently rehabilitated himself and physically qualified to return to the fire line. Chief Roberts, upon the advice of counsel for the city, allowed Lalena to return to work on April 11, 1994. On or about April 13, 1994[1], counsel for the city, which is the appointing authority, and counsel for Mr. Lalena appeared at a scheduled meeting of the Board and jointly requested that Mr. Lalena be reinstated in the fire department. A protracted discussion regarding the unusual nature of the situation ensued among members of the Board and the appointing authority and Mr. Lalena's attorney. The city's attorney acknowledged that Mr. Lalena was wrongly informed by letter from the fire department that he could not return to work after the accident and consequently, must retire; that Mr. Lalena had never wanted to retire and was never given an opportunity to appeal the decision to the Board; and that he had never signed a letter of resignation, nor was he terminated. The Board, upon the recommendation of the city, voted (3-2) to reinstate Mr. Lalena as a fire captain, retroactive to April 11, but, as agreed to by the city and Lalena, without back pay or reinstatement of his seniority for the period he was in retirement. Two of the members of the Board felt that Mr. Lalena, notwithstanding the admission by the city that Mr. Lalena was never given a choice in the matter, should have investigated the matter on his own before taking the retirement. Chief Roberts, who voted in favor of reinstatement, was very concerned about setting a precedent for allowing retired employees to return to work. It is clear, however, that the Board, as well as the city, recognized the unusual circumstances under which the action was taken.
Subsequently, many of the personnel the in fire department became disgruntled over Lalena's reinstatement because they believed it affected their opportunity to be promoted. This apparently prompted the chairman of the Board, Mr. Donald J. Zadeck, to have the Board secretary issue a letter dated May 20, 1994 to Lalena and other interested parties, stating that the Board was reopening for discussion the matter of Mr. Lalena's reinstatement at the next meeting on June 16, 1994. The letter requested that Captain Lalena be in attendance.
Two days prior to the scheduled meeting, Lalena filed a petition for injunctive relief claiming he would suffer irreparable harm if the Board had the meeting and that the April 13 decision was final pursuant to LSA-R.S. 33:2501 E. LSA-R.S. 33:2501 E allows an employee or the appointing authority 30 days to appeal a Board decision to the district court. The Board contended, on the other *523 hand, that the statute applies only to appeals by employees or the appointing authority, but does not apply to the Board itself. It argued that pursuant to LSA-R.S. 33:2477(4), it may review, modify, or set aside upon its on motion any of its actions, including its earlier decision authorizing the city's reinstatement of Mr. Lalena.
The district court found that the lapse of the 30-day delay for taking an appeal of the Board's decisions provided for in LSA-R.S. 33:2501 E has the effect of res judicata, and accordingly, the Board's decision on April 13, 1994 reinstating Mr. Lalena had become final by the time the Board attempted to reopen the matter. It concluded that the Board itself was subject to the finality of the decision under LSA-R.S. 33:2501 E and, therefore, Mr. Lalena was entitled to injunctive relief prohibiting the Board from reconsidering his reinstatement. The Board appeals the issuance of the injunction.
The Board raises seven assignments of error by the district court. The first three alleged errors specify that the district court erred in making certain factual findings alleged in plaintiff's petition. The Board contends these allegations were denied in its answer, and there was no evidence introduced at trial that would support the court's findings. These findings included factual determinations that (1) it was uncontested that Lalena never wanted to leave his employment with the fire department voluntarily; (2) that it was uncontested that Lalena was never given the right to appeal to the Board the options that were given to him when he took the retirement; and (3) that there was no resignation letter or termination letter concerning Lalena's leaving active employment with the fire department and that Lalena did not have the right to go before the Board for review.
Appellant also urges that the district court erred in finding that the delays for appeal under LSA-R.S. 33:2501 E are applicable to the Board and, absent a timely filed appeal or petition for judicial review, the Board lacked jurisdiction to review the April 13, 1994 reinstatement matter. It alleges that the district court erred in concluding that Lalena did not have to show irreparable harm to be entitled to an injunction in this case. Finally, the Board contends that the district court erred in finding that it should enjoin the official duties of another judicial or quasi-judicial body such as the Municipal Fire and Police Civil Service Board.
Initially, we dispose of the Board's first three assignments of error. The recorded and transcribed minutes of the April 13 meeting of the Board demonstrate that the city of Shreveport, which is the appointing authority, conceded that Mr. Lalena never wanted to leave his employment, that he never had the right to appeal his forced retirement, and that he never signed a letter of resignation nor a termination letter. Consequently, appellant's first three assignments of error asserting that there is no evidence to support the findings of the trial court regarding the circumstances under which Mr. Lalena left the fire department are without merit.
Next, we consider the Board's assertion that the trial court erred in finding that the appeal delays of LSA-R.S. 33:2501 E operate to make the Board's action of April 13, 1994 final. That statute provides, in pertinent part, that
(1) Any employee under classified service and any appointing authority may appeal from any decision of the board, or from any action taken by the board under the provisions of the Part that is prejudicial to the employee or appointing authority. This appeal shall lie direct to the court of original and unlimited jurisdiction in civil suits of the parish wherein the board is domiciled.
(2) The appeal shall be taken by serving the board, within thirty days after entry of its decision, a written notice of the appeal, stating the grounds thereof....
The language of the statute is clear and unequivocal. The statute concerns only appeals by an employee or the appointing authority of a decision of the Board. The appeal must be taken within thirty days. We therefore conclude that the trial court erred in finding that LSA-R.S. 33:2501 E was implicated. Nevertheless, for the reasons that will become apparent in the following discussion, this error is of no avail to the Board.
*524 The power and authority of the Municipal Fire and Police Civil Service Board are promulgated in The Municipal Fire and Police Civil Service Law, LSA-R.S. 33:2471 et seq. (hereinafter, the "Law"). The Board has the authority to adopt and maintain a plan classifying employees. LSA-R.S. 33:2477(8), 2481, 2483-2485. Each class may contain one or more positions. LSA-R.S. 33:2481. The Board administers tests and certifies to the appointing authority which employees are eligible for appointment or promotion to positions. LSA-R.S. 33:2492-2495. The appointing authority fills the position or positions within a classification. LSA-R.S. 33:2494 (emphasis added). The appointing authority may abolish a position, but only the Board may modify or abolish a classification. LSA-R.S. 33:2498 and 2483. City of Shreveport v. Stanley, 446 So.2d 839, 842 (La.App. 2d Cir.1984), writ denied, 450 So.2d 956 (La. 1984).
The methods for filling vacancies are set out in LSA-R.S. 33:2487. These methods include: (1) demotion; (2) transfer; (3) reinstatement; (4) promotional appointment; (5) competitive appointment (6) reemployment; and (7) temporary appointment. Obviously, in the instant case, we can only be concerned with the meaning and procedure for "reinstatement" or "reemployment."
"Reinstatement" is a term describing the procedures for returning, that is, reinstating, an employee to a class from which he was previously demoted for any reason other than disciplinary action. LSA-R.S. 33:2473(19). It is also used in the Law to refer to the return of an employee to his old job upon his rejection after a working test, and such a reinstatement is made automatically without the name having to be placed on any list. LSA-R.S. 33:2490 A. See also, Gilbert L. Hetherwick, Municipal Fire and Police Civil Service LawR.S. 33:2471 et seq., 29 La.Bar J. 304 (1982). "Reemployment" generally refers to recalling an employee from a layoff from the reemployment list, but also is used in the Law to refer to the rehiring of an employee within four years after his resignation. LSA-R.S. 33:2490 D. Only employees who have been laid off, however, are on a reemployment list. LSA-R.S. 33:2473(17).
In this case, the situation regarding Mr. Lalena does not squarely fit within the normal "reinstatement" or "reemployment" procedures for filling vacancies under the Law.
Snell v. City of Shreveport, 514 So.2d 698 (La.App. 2d Cir.1987), involved an effort by the appointing authority to correct a similar erroneous administrative action. In Snell, we affirmed the district court's dismissal of an action brought by a police officer challenging the reemployment of a retired police officer who had been wrongly advised that he was eligible for retirement benefits, and therefore had retired. In that case we recognized that situations arise that are not covered by the statute when we stated:
Obviously, Bamburg would not have retired or been retired except for the erroneous interpretation of the law by the city administrative official. When the parties learned of the error, they were faced with a difficult situation which needed correcting and which was not specifically covered by the Municipal Fire and Police Civil Service Law. Bamburg did not "resign" his position and under the circumstances of his ineffective "retirement", the provisions of LSA-R.S. 33:2490(D) were not applicable. In this situation not covered by the statute, the appointing authority found a practical, reasonable solution in keeping with the spirit of and not in violation of the statute.
Similarly, in the instant case, the appointing authority (the city) realized that Lalena had wrongly been told that he must retire without affording him the opportunity to rehabilitate himself or even informing him that rehabilitation was possible. The record is replete with comments from the city and the Board regarding the unusual nature of the situation. To correct the wrong, the appointing authority reached an agreement with Lalena to reinstate him as a Captain in the fire department, and he agreed not to claim seniority for the time he was in retirement. When presented with the matter at the April 13 Board meeting, the Board voted 3-2 approving the appointment by the city.
*525 We turn now to appellant's other assignments of error which contend that the district court erred in granting Mr. Lalena injunctive relief.
Appellants contend that the applicant in this case has failed to show irreparable harm and that the district court erred in finding that it was unnecessary to show irreparable harm in this case because express law, LSA-R.S. 33:2501 E, provided that the Board's decision to reinstate Mr. Lalena was final if not appealed within 30 days.
As we previously indicated, the district court did err in finding that the 30-day time delay provided in LSA-R.S. 33:2501 E applied to the Board itself. However, we conclude that injunctive relief is nevertheless available to this plaintiff.
LSA-C.C.P. 3601 provides that "[a]n injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law...."
The requirement of irreparable injury in the context of an injunction requires a showing that the plaintiff is without adequate remedy at law. West v. Town of Winnsboro, 252 La. 605, 211 So.2d 665 (1967). In West, supra, 211 So.2d at 671, our supreme court stated that the test is correctly stated in 28 Am Jur. Injunctions, § 39, at 534, as follows:
It is not enough that there is a remedy at law. The remedy, to preclude injunction, must be certain and reasonably prompt, and a practicable and efficient to the ends of justice and its administration, both in respect of the final relief and the mode of obtaining it, as an injunction would be.
Furthermore, and just as importantly, injunction is an equitable remedy. The right to pursue employment or conduct a business is a property right which equity will protect. West, supra.
We therefore have no difficulty concluding that although Mr. Lalena could sue for damages, this remedy is not reasonably nor sufficiently prompt to adequately compensate him for the loss of his career and the concomitant opportunities for advancement. Moreover, his employment is a property right which equity will protect by way of injunctive relief.
Appellants next claim that the Board has the power to reopen the Lalena matter under LSA-R.S. 33:2477(4), which enables the Board "[to] review, and modify or set aside upon its own motion, any of its actions...." Since there is no prescribed time limitation expressed in this particular section of the statute, and inasmuch as the legislature in LSA-R.S. 33:2501 E specifically provided a 30-day time limitation for appeal of Board decisions by only an aggrieved employee or the appointing authority, the Board argues that this absence of a time limitation for the Board to review, modify or set aside its own actions under section 2477 necessarily infers a legislative intent that there are no time limitations for the Board to review its own decisions. We disagree.
LSA-R.S. 33:2477 is a broad statute which is general in its terms and sets forth, in broad language, the duties of the board. City of Kenner v. Wool, 320 So.2d 245 (La. App. 4th Cir.1975). The duties set forth in the subsection (4) of the statute generally refer to the Board's power to conduct investigations regarding the administration of personnel and regarding compliance with the provisions of the law. Subsection 4 further authorized the Board to review, modify, or set aside any of its actions on its own motion. Indeed, there is no time limitation set forth in the statute in which the Board may review, modify, or set aside any of its actions.
On the other hand, LSA-R.S. 33:2501 sets forth the specific scope of review of the Board when an aggrieved employee in the classified service appeals a decision of the appointing authority and provides a 15-day time limitation to request a hearing and investigation by the Board. When the board conducts such a hearing for an aggrieved employee, it is acting in a quasi-judicial capacity. In the instant case, Lalena and the appointing authority appeared before the Board to rectify a prior erroneous action by that appointing authority in forcing Lalena to retire. The Board listened to the facts as stipulated by the parties and voted to approve the reinstatement of Lalena by the appointing authority, essentially rendering a consent judgment. We therefore conclude *526 that it was acting in a quasi-judicial capacity when it approved of Lalena's reinstatement.
Simply because there is no time limitation set forth in LSA-R.S. 33:2477(4) for the Board to "review, and modify or set aside any of its actions," it does not follow that the right to exercise this power is open-ended in time and unlimited in its scope. We think that the more logical inference to be drawn from the absence of a time limitation in section 2477(4) of the Law is that this section of the statute pertains to the powers of the Board acting in an administrative (investigatory) or rule-making capacity rather than a quasi-judicial capacity.
Moreover, the complete absence of a provision in the statute for the Board to re-open or conduct a rehearing of one of its quasi-judicial decisions reflects the highly unusual circumstances of this case: Neither the appointing authority nor the aggrieved employee appealed the action of the Board. It is the Board itself that seeks to re-consider its own decision. The Law simply does not contemplate a circumstance where the Board, on its own motion, would attempt to reconsider or overturn one of its prior decisions regarding reinstatement of an employee, inasmuch as it is the appointing authority that fills positions within a class (typically, from the appropriate employee list), and it is the appointing authority, not the Board, that may dismiss an employee, the dismissal being subject to review by the Board.
LSA-R.S. 49:959 of the Administrative Procedure Act ("APA") provides that "[a] decision or order in a case of adjudication shall be subject to rehearing, reopening, or reconsideration by the agency, within ten days from the date of its entry." It is questionable, however, whether the provisions of the APA are applicable to the Fire and Police Civil Service Board due to the definition of "agency" under LSA-R.S. 49:951(2). See also, Smith v. Department of Health and Human Resources, 416 So.2d 94 (La.1982), where the Court held that the ten-day delay for rehearing under this section was inapplicable to the Civil Service Commission thereby requiring that an appeal application be filed within thirty calender days (rather than forty) after the Commission decision became final.
Nevertheless, LSA-R.S. 49:959 is of assistance by analogy in the resolution of this case. Laws on the same subject matter must be interpreted in reference to each other. LSA-C.C. Art. 13. New Orleans Public Service, Inc. v. Masaracchia, 464 So.2d 866 (La. App. 4th Cir.1985) (although the APA was not applicable to Office of Employment Security, the APA statute was read in pari materia to aide in construction of the employment security statute.) It is clear that quasi-judicial decisions of administrative agencies, just like those of all other courts, are final vis-a-vis the deciding commission, board or court, once the decision is entered, absent a statutory provision providing a short time delay for rehearing or reopening. See Smith, supra.
There is no provision in the law regarding time delays for reopening or reconsideration a quasi-judicial decision of the Board. In the instant case, the Board waited almost 40 days before attempting to reopen the Lalena matter. While expressing no opinion as to the precise period of time that the Board has in which to reconsider a quasi-judicial decision such as that in the instant case, we conclude that 40 days is clearly inappropriate and inequitable. Mr. Lalena is therefore entitled to equitable relief in the form of an injunction prohibiting the Board from reconsidering the reinstatement.
Accordingly, we affirm the judgment of the trial court enjoining the Board from reconsidering the reinstatement of Captain Lalena. Costs are assessed to the appellant to the extent allowed by law.
AFFIRMED.
PER CURIAM
Subsequent to our opinion rendered on September 27, 1995, in the matter of James R. Lalena v. Municipal Fire and Police Civil Service Board, City of Shreveport, 661 So.2d 520, it has come to our attention that in our opinion we mistakenly implied that Chief Roberts of the Shreveport Fire Department was a member of the Municipal Fire and Police Civil Service Board when we stated that he voted in favor of the reinstatement of *527 Mr. Lalena. Chief Roberts, who was present at the hearing in question and who is referenced on the hearing transcript as a Board Member, is not a member of the Board and, hence, did not vote in the matter. This inadvertent error has no effect on the reasoning and outcome of the decision.
NOTES
[1] The trial court opinion dates the hearing on April 14, however, the transcript of the hearing is dated April 13.